Carpenter v. Means.

No. 19,267.

L. A. CARPENTER et al., *Appellees*, v. A. C. MEANS,
*Appellant*.

SYLLABUS BY THE COURT.

NEW TRIAL—*Newly Discovered Evidence—Evidence Not Cumu-
lative—No Error in Granting New Trial.* The district court
granted a new trial on the ground of newly discovered evi-
dence, which consisted of an affidavit filed in the United States
pension office for the purpose of obtaining a widow's pension,
in which the claimant, testifying in relation to her property,
stated, "It had been sold for taxes, and that her brother re-
deemed it, and that on her and her husband's agreement to
give him a quit claim deed to it he permits her to hold it
during her lifetime, and at her death it becomes absolutely
his." On the original trial a number of witnesses testified
that she had in various conversations admitted that she was
not the owner and that her brother was. *Held,* that the affi-
davit is not cumulative to the oral admissions proved on the
trial, and that there was no error in granting a new trial.

Appeal from Sedgwick district court, division No. 2;
THORNTON W. SARGENT, judge. Opinion filed July 7,
1914. Affirmed.

*R. L. Holmes, Charles G. Yankey,* and *W. E. Holmes,*
all of Wichita, for the appellant.

*Fred B. Stanley, Claude C. Stanley, Ben F. Hegler,
Kos Harris,* and *V. Harris,* all of Wichita, for the ap-
pellees.

The opinion of the court was delivered by

PORTER, J.: The action in the district court was upon
a petition to obtain a new trial of a previous action, on
the ground of newly discovered evidence. The court
granted a new trial, and it is claimed that this was
error. Means, who is the appellant, was plaintiff in the
main action, and Carpenter and others were the de-
fendants. One of the principal issues tried in the orig-
inal action was whether Mary Yike had conveyed cer-

tain real estate to L. A. Carpenter on or about June 21, 1898. Carpenter claimed that she had and that the deed was lost and had never been recorded. The death of Mary Yike having occurred prior to the trial, Carpenter was not a competent witness to testify to conversations and transactions had with her in her lifetime, but offered evidence tending to show the execution of a general warranty deed from her conveying the real estate to him, and also the testimony of a number of witnesses to the effect that she had at various times admitted that she was not the owner and that her brother, L. A. Carpenter, was the owner. In the trial of that action the jury found in favor of the plaintiff and against Carpenter and the other defendants, evidently discrediting the testimony as to the admissions made by Mrs. Yike. After the verdict and judgment, when it was too late to file a motion for a new trial, the defendants discovered the existence of an affidavit executed by Mrs. Yike on the 24th day of December, 1906, and filed in the United States Bureau of Pensions at Washington, D. C., for the purpose of obtaining a widow's pension, in which affidavit, testifying in relation to her property, she stated that it had been sold for taxes, and that her brother, "Lyman A. Carpenter, redeemed it, and on her and her husband's agreement to give him a quitclaim deed to it, he permits her to hold it during her lifetime, and at her death it becomes absolutely his. The taxes are paid by her but in his name by said agreement." On the question of diligence, it was shown that the motion for a new trial in the original action was overruled on the 13th day of April, 1912, and that the existence of the affidavit in the pension matter was not discovered by the defendants in that action until a letter was received by their counsel. The letter is dated April 17, 1912. Upon the evidence the trial court found that due diligence had been exercised, and this may be regarded as settled.

The principal contention of the appellant is that it was error to grant a new trial, because the newly dis-

covered evidence is purely cumulative, and they rely upon the case of *Brown v. Wheeler*, 62 Kan. 676, 64 Pac. 594. The newly discovered evidence there consisted of a letter containing an admission in writing. The trial court had overruled the motion for a new trial on the ground that the evidence was merely cumulative to similar oral admissions proved upon the trial to have been made by the writer of the letter, and this ruling was affirmed. It was said that the fact that the letter was in writing while the admissions shown on the trial were oral would not take it out of the rule against cumulative evidence. The cases are not alike. While the affidavit is in writing, it is something more than a mere letter. It was used as testimony in a proceeding in the same manner as a deposition might have been used. The statements in it as to the ownership of the real estate were of a somewhat higher class of evidence than evidence of oral admissions made in ordinary conversations, such as those testified to at the trial. They are statements made about a material matter, and the same rule should apply as if after the trial the parties had discovered a deposition in which a party had made statements under oath as to facts which were material in the action where a motion for a new trial was pending.

In the Wheeler case the trial court refused a new trial. Here the court granted it, and it always requires a greater showing of error to reverse an order granting a new trial than one refusing it. We think the case comes within the doctrine of *Dent v. Simpson*, 81 Kan. 217, 221, 105 Pac. 542, a survey case where the main issue was the location of the original stone marking the government corner. At the trial witnesses disagreed as to the government corner. No witness testified where the stone was. After the trial a witness was discovered who knew where the original stone was located, and he went and found it at the place where he had himself covered it up when working as road overseer years before. This was held not to be cumulative. It is

argued in the brief of the appellant that the affidavit acknowledges the execution of a quitclaim deed which was made upon an agreement not relied upon by the appellees, and that this is not an admission of the existence of a warranty deed upon which the appellees claim title. Attention is also called to the fact that on the trial of the main action there was evidence of a quitclaim deed from Mrs. Yike and her husband to L. A. Carpenter covering all of the property at that time owned by Mrs. Yike; and it is contended that the statements in the affidavit do not support the contention of the appellees. It is not our purpose here to pass upon the weight of the testimony or to even suggest that the statements in the affidavit clear up the controversy to the extent that the discovery of the original stone in *Dent v. Simpson* did. What we hold is that there was no error in granting the new trial, and the judgment is affirmed.