No. 20,117.

L. C. ROSS and E. C. WALDO, Copartners, etc., *Appellees*, v. S. J. HOLMAN, *Appellant.*

### SYLLABUS BY THE COURT.

1. PROMISSORY NOTE—*Legality of Consideration—Put in Issue by Answer.* The legality of the consideration for a note sued on is put in issue by an answer which alleges that there was no legal consideration for the note, and sets out the illegal transaction out of which the indebtedness arose for which the note was given.

2. SAME—*Illegal Consideration—"Dealing in Futures"—Fact for Jury.* In an action on a promissory note, where the defense is that the consideration for the note was an indebtedness incurred in transactions prohibited by law, and there is evidence tending to support that defense, it is error to refuse to give an instruction submitting that question to the jury.

3. SAME. In such an action, where the evidence is conflicting, it is not error to refuse to render judgment for the defendant on the pleadings and the evidence.

Appeal from Ellis district court; JACOB C. RUPPENTHAL, judge. Opinion filed February 12, 1916. Reversed.

*J. P. Shutts,* of Hays, *Ira E. Lloyd,* and *N. F. Nourse,* both of Ellsworth, for the appellant.

*John L. Hunt,* of Topeka, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: This is an action on a promissory note. The defense is that the note was given for debts incurred in certain transactions prohibited by law. The plaintiffs recovered judgment. The defendant appeals.

1. One of the questions necessary to determine in order to reach a correct conclusion on the principal proposition is, Did the answer put in issue the legality of the consideration for the note? The answer contains a general denial and alleges:

"Defendant admits that he executed the note sued on herein, but says there was no legal consideration for the giving of said note, and alleges the facts in regard thereto to be: That during the times hereinafter stated said plaintiffs, acting as the agent of the Standard Grain and Milling Company of Kansas City, Missouri, claimed to have made con-

tracts for and on behalf of defendant, through the said Standard Grain and Milling Company, with divers persons, whose names are unknown to defendant, for the purchase and sale of grain and other commodities, upon market reports and quotations at divers times during the years 1902, 1903, and 1904, and that said grain and other commodities by the terms of said contracts were all to be delivered at some future time. Defendant alleges that if such contracts were ever made, that it was understood by all the parties thereto, including said plaintiffs Ross and Waldo, and the said Standard Grain and Milling Company, that it was not intended by any of the parties thereto, that any grain or other commodity should be delivered under said contracts, and that neither the buyer or seller was in the possession or control of any grain or other commodity so contracted to be sold, but that it was mutually intended and understood by all the parties to each of said transactions, that the difference between the market prices agreed to be paid and the regular market price at the time fixed by the contracts for the delivery of the commodity agreed to be sold should be paid by one party to the other; that each of said contracts should be settled and closed in no other manner, and that no grain nor other commodity should be in fact delivered by either party in settlement of any such contracts; that it was not a bargain for the sale of property but only a wager on the future market price of such commodity; that on all of such contracts said plaintiffs and the Standard Grain & Milling Co. received a commission; defendant says that all of said contracts were illegal and void, and that the said plaintiffs and the said Standard Grain and Milling Company knew all the facts and circumstances surrounding each of such transactions, knew that each and all of such contracts were contrary to the form of the statute in such [cases] made and provided."

Each of these allegations was specifically denied by the plaintiffs. Both the answer and reply were verified. Transactions of the kind described in the answer are prohibited by law. (Gen. Stat. 1909, § 5167.) The legality of the consideration for the note was put in issue by the answer.

2. The defendant contends that the court erred in the instructions given and in refusing to give instructions requested by him. The court gave this instruction:

"The defendant's transactions with the Standard Grain & Milling Company were legal and valid unless you find from the evidence that they were purchases or sales of grain or other commodities upon telegraphic or telephone market reports and quotations and that it was not the intention of the defendant in pursuance of such purchases or sales to receive or deliver such grain or other commodities, and that the person selling or agreeing to sell was not in the possession and control of such grain or other commodity."

The defendant requested the court to instruct the jury that—

"If the plaintiffs knew of such illegal intent, and brought or assisted

Ross & Waldo v. Holman.

in bringing the parties to such illegal contracts together for the purpose of entering into the illegal agreements, they are *particeps criminis,* and can not recover for any loss incurred or money advanced by them in forwarding the transaction."

The court refused to give the requested instruction on the ground that the matters embraced therein were not in issue. In this we think the court was mistaken.

There was evidence tending to show that the note was, in greater part, given to reimburse the plaintiffs for money paid by them to the Standard Grain & Milling Company on account of losses sustained by the defendant in the purchase and sale of grain on telegraphic market reports and quotations, it not being the intention of any one to deliver or receive the grain purchased or sold; that the plaintiffs actively assisted the defendant in making these purchases and sales of grain and acted as agent, broker or intermediary between the defendant and the Standard Grain & Milling Company; that in these transactions the plaintiffs were the guarantors of the defendant to the Standard Grain & Milling Company; and that in the final settlement of the whole matter between the plaintiffs the Standard Grain & Milling Company and the defendant, either the note sued on, or others of which that one is a renewal, was given to the plaintiffs, who discharged the indebtedness to the Standard Grain & Milling Company. These matters, if true, were defenses under the answer and should have been submitted to the jury for determination. (*Hutchins v. Stanley,* 88 Kan. 739, 129 Pac. 1180; *Carey v. Myers,* 92 Kan. 493, 141 Pac. 602; *Investment Co. v. McFarlin,* 93 Kan. 526, 144 Pac. 842; *Grain Co. v. Elevator Co.,* 94 Kan. 360, 146 Pac. 1139.) The instruction requested, as above set out, was not embraced in the instructions given. It should have been given.

3. The defendant further contends that he was entitled to judgment on the pleadings and evidence. The pleadings put the consideration for the note in issue. The evidence on this question was conflicting. That made it necessary to submit the evidence to the jury for consideration under proper instructions.

The judgment is reversed and a new trial is ordered.