No. 22,674.

ELIZABETH GREGORY, *Appellee*, v. J. C. WILLIAMS, *Appellant*.

SYLLABUS BY THE COURT.

1. PROMISSORY NOTE—*Maker's Discharge in Bankruptcy—Note Created by Fraud—Pleadings—Departure*. The plaintiff alleged a cause of action on a promissory note. The defendant pleaded his discharge in bankruptcy. The plaintiff replied that the debt for which the note had been given was created by the defendant's fraud. *Held*, that the reply did not constitute a departure from the cause of action on the note.

2. SAME—*Statute of Limitations*. In such an action the statute of limitations runs against the note, and not against the fraud by which the debt was created.

3. SAME—*Fraud—Operation of Bankruptcy Law*. The acceptance of a note from one who procures a sum of money by fraud, as an evidence of the debt thereby created, after the fraud has been discovered, does not take the debt out of the operation of section 17 of the bankruptcy law.

Appeal from Saline district court; DALLAS GROVER, judge. Opinion filed May 8, 1920. Affirmed.

*H. C. Tobey*, of Salina, for the appellant.

*J. O. Wilson, J. F. Corder*, and *J. H. Wilson*, all of Salina, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The defendant appeals from a judgment against him on a promissory note. The action was commenced before a justice of the peace. Judgment was there rendered in favor of the plaintiff, and the defendant appealed to the district court. The bill of particulars alleged "that the consideration for the note was procured by fraud." A motion was filed in the district court asking that the words quoted be stricken out of the bill of particulars, or that the plaintiff be required to plead a cause of action on the ground of fraud. The plaintiff confessed the motion by striking out those words. The defendant then pleaded a discharge in bankruptcy, and the plaintiff, to avoid that defense, averred that there was fraud on the part of the defendant in incurring the indebtedness for

which the note was given; that the defendant by false representations procured from the plaintiff $200; and that after the false representations had been discovered by the plaintiff, she accepted from the defendant the $200 note sued on. To the reply the defendant filed a motion to strike out all the allegations concerning fraud, on the ground that they constituted a departure from the cause of action set up in the bill of particulars, and filed a demurrer for the same reason and for the further reason that the reply did not contain facts sufficient to constitute a reply to the answer of the defendant, or to constitute a cause of action against him. The motion and demurrer were overruled.

1. The defendant argues that the reply of the plaintiff constituted a departure from the cause of action alleged in her bill of particulars. The action was on a promissory note. The defendant pleaded a discharge in bankruptcy; to avoid that defense the plaintiff alleged that the defendant by false representations procured the money from the plaintiff. Section 17 of the bankruptcy act in part reads, "A discharge in bankruptcy shall release a bankrupt from all his provable debts except such as . . . are liabilities for obtaining property by false pretenses or false representations." The plaintiff's reply brought the debt for the recovery of which this action was commenced, within that section of the bankruptcy act.

A definition of a promissory note might very properly be that it is an evidence of indebtedness from the maker to the payee by which the maker agrees to pay the payee a definite sum at a certain time. That a promissory note is not in and of itself an indebtedness, but is evidence of such indebtedness, seems to be established by unquestioned authority.

Collier on Bankruptcy, 11th ed., 960, says:

"A note or bill of exchange is provable against the bankrupt maker; it is the debt evidenced by the note which is provable."

It is said in 3 Blackstone's Commentaries, 154, that:

"The legal acceptation of debt is, a sum of money due by certain and express agreement; as, by a bond for a determinate sum; a bill or note; a special bargain; or a rent reserved on a lease; where the quantity is fixed and specific, and does not depend upon any subsequent valuation to settle it."

Gregory v. Williams.

In 1 Bouvier's Law Dictionary, Rawle's 3d revision, 786, this definition of debt is given:

"Debt.  A sum of money due by certain and express agreement."

1 Words and Phrases, 2d series, 1234, says:

" 'Debt,' as used in the bankruptcy act includes any debt, demand, or claim, provable in bankruptcy."

*Meriwether v. Garrett*, 102 U. S. 472, 513, uses this language:

"Debts are obligations for the payment of money founded upon contract, express or implied."

1 Daniel on Negotiable Instruments, 5th ed., § 71, says:

"The execution of a note does not import a debt existing previous to the period of its execution, but its effect is to give the debt and the note a contemporaneous origin."

The note was the evidence of the debt created by the fraud of the defendant.  That fraud was not extinguished when the note was given.  The fraud was set up in the reply, not as a cause of action against the defendant, but to avoid the defense that had been pleaded by him after the bill of particulars was filed.  The action continued as an action on the promissory note.  The reply did not constitute a departure from the cause of action alleged in the bill of particulars. (*Broadnax v. Bradford & Co.*, 50 Ala. 270; *Louisville Banking Co. v. Buchanan*, 117 Ky. 975, 987; *Brown et al. v. H. F. and W. P. Broach*, 52 Miss. 536, 541; *Blackman v. McAdams*, 131 Mo. App. 408; *Argall v. Jacobs et al.*, 87 N. Y. 110; *Zimmern v. Blount*, 238 Fed. 740, 745.)  Contrary to these decisions is *Strauch v. Flynn*, 108 Minn. 313.  But we think that the reasoning in that case is not convincing, and that the conclusion reached is not correct.

2.  Another matter argued by the defendant is that the action is barred by that part of the statute of limitations which provides that actions for relief on the ground of fraud must be brought within two years.  (Civ. Code, § 17, subdiv. 3, Gen. Stat. 1915, § 6907.)  The difficulty with this argument has been pointed out.  The action is not for relief on the ground of fraud; the action is on a promissory note.  Fraud is set up by the plaintiff, not as a cause of action, but to avoid the defense alleged by the defendant.  The action being one

on a promissory note is not barred by the two-year statute of limitations. (*Louisville Banking Co. v. Buchanan*, 117 Ky. 975, 987.)

3. The defendant contends that the plaintiff waived the fraud by accepting the note from the defendant after she discovered the fraud, and by striking from her bill of particulars the words, "That the consideration for the note was procured by fraud." Lack of consideration for a note, fraud or duress in procuring it, or illegality of consideration therefor, may be shown in defense in an action thereon between the parties thereto. The same defenses may be urged in an action on a renewal note. (*Water Power Co. v. Brown*, 23 Kan. 676; *Hutchins v. Stanley*, 88 Kan. 739, 129 Pac. 1180; *Carey v. Myers*, 92 Kan. 493, 509, 142 Pac. 957; *Ross & Waldo v. Holman*, 97 Kan. 331, 333, 155 Pac. 37.) The reason for the rule allowing such defenses against a renewal note cannot be other than that the debt remains the same. In 21 Cyc. 517, this language is found:

"Land which has become subject to the payment of purchase-money continues chargeable therewith, although the original indebtedness is repeatedly changed in form, provided it can be traced. Hence, if the original debt is evidenced by a note secured by indorsements or by mortgage, or has been renewed by other notes, although for a different amount, or with a different rate of interest, or if the original or renewal note has been reduced to judgment, the homestead remains liable for the payment of the purchase-money so evidenced."

That principle is supported by the authorities there cited. If pleading the fraud to avoid the discharge in bankruptcy was not a departure from the action on the note, it must be because the debt remained the same notwithstanding the note.

From all the foregoing it must follow that fraud in procuring money for which a note is given may be shown to avoid a defense set up against the note in an action thereon. The taking of the note by the plaintiff after she had discovered the defendant's fraud, and striking out of the bill of particulars the allegation concerning fraud, did not take the indebtedness that was evidenced by the note out of the operation of section 17 of the bankruptcy act. The debt remained one for obtaining property by false pretenses and false representations, and the fraud was not waived so as to discharge the defendant from his obligation to pay the note.

The judgment is affirmed.