No. 26,674.

E. L. YUNCKER, *Appellant*, v. J. G. ENGLISH, *Appellee*.

SYLLABUS BY THE COURT.

BILLS AND NOTES—*Contents Affecting Validity—Note Given for Patent Right —Necessity of so Stipulating—Effect of Renewal Note.* A note given for a patent right, which note does not recite that fact, is invalid in the hands of an indorsee who takes the note with knowledge thereof; and a renewal note given to the indorsee to take up the original note, which renewal note does not recite that it is given for a patent right, is invalid and cannot be enforced by him.

Appeal from Stafford district court; RAY H. BEALS, judge. Opinion filed July 10, 1926. Affirmed.

*John A. Etling, Frank L. Slaughter,* both of Kinsley, *Walter L. Bullock,* of Dodge City, *W. H. Vernon, Jr.,* and *J. S. Vernon,* both of Larned, for the appellant.

*F. Dumont Smith,* of Hutchinson, and *Carl Van Riper,* of Dodge City, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff, the indorsee of a promissory note signed by the defendant, sued to recover on that note. One of the defenses was that the note, with the knowledge of the plaintiff, had been given for a patent right, and the note did not have any words indorsed on it indicating it had been so given. Another defense was that the plaintiff had sued another party for recovery on the note

---

Bills and Notes, 8 C. J. pp. 154 n. 44, 444 n. 7, 772 n. 56.

Yuncker v. English.

and that the action thus commenced was an election of remedies inconsistent with the present action. Judgment was rendered in favor of the defendant, and the plaintiff appeals.

We quote from the statement of facts by the plaintiff as follows:

"Fred G. Hager and Clara Hager executed and delivered to W. T. Hale their certain promissory notes aggregating $26,000 and secured the same by a certain real-estate mortgage on lands in Edwards county. These notes and mortgages were given to Hale in part payment of a patent right, sold by Hale to Hager, and that fact was not noted upon said notes or mortgage. W. T. Hale transferred said notes and mortgage to E. L. Yuncker, plaintiff below. Thereafter and on April 24, 1919, and before maturity of said notes and mortgage, E. L. Yunckers sold, assigned and indorsed said notes and mortgage to J. G. English, defendant below, for $21,500, of which amount $5,000 was paid in cash. For the balance due, J. G. English executed to E. L. Yuncker three promissory notes, two of which were for $5,000, each payable in 30 and 60 days, respectively, which notes were paid by defendant to plaintiff. The third note was for $6,500 payable on the 24th day of July, 1919, with interest at the rate of ten per cent per annum from maturity. This note was not paid, and this action was instituted in the district court of Stafford county to enforce collection of the same. At the time Yuncker sold and indorsed the notes and mortgage of $26,000 to English, both Yuncker and English knew that said notes and mortgage had been given by the Hagers in part payment of a patent right."

The court made findings of fact and conclusions of law as follows:

"1. I find that the defendant gave to the plaintiff a note for $6,500 and that said note is past due and unpaid.

"2. I find that the consideration for said note was for the part payment for an alleged patent right, and that the words, 'Given for a patent right,' were not inserted in said note, nor were any words inserted therein to show that the note was given for a patent right.

"3. I find that the plaintiff herein instituted an action in the district court of Ford county, Kansas, against the Macksville State Bank of Macksville, Kan., on the identical note referred to herein, and that he brought said action with full knowledge of his rights, and I find that he elected to bring his action against the Macksville State Bank of Macksville, Kan.

"4. I find that the plaintiff afterwards dismissed said action in the district court of Ford county, Kansas.

"5. I find that the note in suit is void for the reason that there was not inserted in said note, 'Given for a patent right,' or any words to that effect.

"6. I find that plaintiff by bringing his action in the district court of Ford county, made an election which is a bar to suing this defendant in the district court of Stafford county.

"7. I find that both the plaintiff and defendant knew that the alleged consideration for the note in suit was part payment for a patent right.

"Conclusions of Law.

"1. I find that the plaintiff cannot recover.

"2. Judgment should go for the defendant for costs."

Section 57-102 of the Revised Statutes reads:

"Any person who may take any obligation in writing for which any patent right, or right claimed by him or her to be a patent right, shall form a whole or any part of the consideration, shall, before it is signed by the maker or makers, insert in the body of said written obligation, above the signature of said maker or makers, in legible writing or print, the words, 'Given for a patent right.'"

The succeeding section of the statute provides a penalty for failing to comply with section 57-102.

A note given for a patent right must contain the words, "Given for a patent right," or it is invalid and cannot be enforced. (*Bolte v. Sparks,* 85 Kan. 13, 116 Pac. 224.) The plaintiff, when he obtained the $26,000 note, knew that it had been given for a patent right. He was therefore not a holder in due course because he had notice of the infirmity in the note. A note given to cover margins in a board of trade transaction or speculation in the price of wheat, no actual sale or delivery being intended, is void as between the parties. (*Hutchins v. Stanley,* 88 Kan. 739, 129 Pac. 1180.) It was there held that a new note given in exchange for the first one is a renewal of the former obligation, and the consideration for the new note is the same as the consideration for the old one, and that no recovery can be had thereon. That rule was followed in *Gregory v. Williams,* 106 Kan. 819, 822, 189 Pac. 932, where this court said:

"Lack of consideration for a note, fraud or duress in procuring it, or illegality of consideration therefor, may be shown in defense in an action thereon between the parties thereto. The same defenses may be urged in an action on a renewal note. (*Water Power Co. v. Brown,* 23 Kan. 676; *Hutchins v. Stanley,* 88 Kan. 739, 129 Pac. 1180; *Carey v. Myers,* 92 Kan. 493, 509, 142 Pac. 957; *Ross & Waldo v. Holman,* 97 Kan. 331, 333, 155 Pac. 37.) The reason for the rule allowing such defenses against a renewal note cannot be other than that the debt remains the same."

Under the statement of facts made by the plaintiff and the findings of the court, the plaintiff cannot recover because section 57-102 of the Revised Statutes was not complied with.

It is not necessary to discuss the election of remedies.

The judgment is affirmed.