No. 30,004.

THE NATIONAL BANK OF TOPEKA, *Appellant,* v. H. MORTON WHITE, *Appellee.*

(1 P. [2d] 257.)

Opinion filed July 3, 1931.

*F. S. Jackson, James E. Smith* and *Schuyler Jackson,* all of Topeka, for the appellant.

*J. J. Schenck* and *C. P. Schenck,* both of Topeka, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This action was brought to collect on a promissory note for $4,500. Defendant prevailed. Plaintiff appeals.

Prior to November, 1926, the Central Motor and Finance Corporation, through its president, Ivor MacFarlane, and Elmer Son, its agent, sold to appellee $2,500 of its preferred stock. At this time the corporation was hopelessly involved and known to be so by both Mr. MacFarlane and Mr. Son. They represented to appellee, for the purpose of inducing him to purchase this stock, that preferred stock in the corporation had been paying and was paying seven per cent dividends, that the company was in good financial condition and was making money. They further represented that the common stock was very valuable and very difficult to procure. At the end of every quarter after that Elmer Son would call upon appellee and deliver the dividend check in person. On January 11, 1928, when Mr. Son called on appellee with the dividend check a conversation was had with reference to appellee buying some more stock. At that time he paid the company $500 cash and gave it three promissory notes for $1,500 each, maturing at different times, and the company issued $5,000 of stock to him. These three notes did not have written on their face words indicating they were given for shares in a corporation, as required by R. S. 17-1219 *et seq.* On February 2, 1928, Mr. Son induced appellee to sign one note for $4,500 in place of the three notes for $1,500. This note did not show on its face that it was given for stock in a corporation. At this time there was some talk about the notes being nonnegotiable, and the intention of the finance company to use them for collateral.

Within a few days Mr. Docking, from appellant bank, called appellee up and asked him about the note. Mr. Docking stated that the bank was considering buying the note. There is a sharp dispute here as to this conversation. Appellee states that he told Mr. Docking that the note was given for stock in the finance company and that the company had been paying dividends and was all right. Mr. Docking states that appellee did not say anything about the

note being given for stock. The jury found that appellee was asked if the note was good and answered, "Yes, I gave it for stock." The note dated February 2, 1928, matured in July, 1928. The note sued on in this case was given as a renewal and did not show on its face that it was given for stock in a corporation. Appellant sued on this note. Appellee answered setting up fraud and misrepresentation in the consideration, that the bank was not a holder in due course and that the note was void because it did not have the words "given for shares" in a corporation stamped or written on the face of it.

Appellant argues that a demurrer to the evidence of defendant should have been sustained because—

"1. The evidence of appellee showed that he initiated the purchase of the stock, and failed to show that the representations claimed to have been relied upon in making the purchase were made for the purpose of inducing him to purchase stock.

"2. The appellee having, upon request of the seller of stock, given a negotiable note to use for the purpose of obtaining money in place of three notes which could not be so used, and having done everything he could to assist in its disposal, cannot defend on the ground of fraud in the sale of the stock and the illegal form of the note, even though he told the appellant bank it was for stock.

"3. The appellee, having learned of the falsity of the representations or having knowledge of facts sufficient to put him upon inquiry, and thereafter completing the renewal of such a note by paying the interest thereon, has waived the defense of fraud and illegality in form and estopped himself from making such a defense."

There are also some errors urged by appellant with reference to instructions and submission of special questions which will be noted later.

We have concluded that the case is not so complicated. It may be settled by answering the following questions: Were the original notes given for stock in a corporation? Everyone concedes that this may be answered in the affirmative. Did the original notes have words indicating they were given for stock stamped on them? Parties all agree that this question may be answered in the negative. There was no liability created by the execution of such a note. (R. S. 17-1219; *Fidelity State Bank v. Evans,* 129 Kan. 199, 282 Pac. 591.) Does the infirmity in the original notes pass to the note given as a renewal, which does not show on its face that it was given for shares in a corporation? This question must be answered in the affirmative. (*Yuncker v. English,* 121 Kan. 425, 247 Pac. 637;

*Gregory v. Williams,* 106 Kan. 819, 189 Pac. 932, and cases cited.) We must now ask a question of fact. Did appellant know when it purchased the note that it had been given for stock in a corporation? As remarked heretofore, there was a sharp dispute in the evidence as to that. The jury, however, answered in the affirmative. Under the rule announced so many times by this court as not to require citation of authorities here, this finding will not be disturbed. As far as this appeal is concerned that is a settled fact. The next legal question then is, Does the purchaser of a note given for stock, which does not have words indicating such fact stamped on its face, who has notice when he purchases the note that it was given for stock, take the note subject to the same defenses that it was subject to in the hands of the original payee? This question has been answered in the affirmative by this court in *Yuncker v. English,* supra. It follows from what has been said that appellee could make the same defenses to the note in question when the bank sued him as he could have made had he been sued by the original payee on one of the original notes.

Appellant makes a strong argument that appellee was estopped from raising the point that the note had been given for stock in a corporation without having those words stamped on its face, once when he told Mr. Docking that the note was all right, and again when he paid the interest on the note sued on in the fall of 1928 after he had heard rumors about the company that should have put him on his guard. The answer to that argument is that no act of the payee of such a note can make it valid when it does not have these words on it. It is simply a void note.

In this connection it is argued that the absence of words showing it was given for shares in a corporation did not render the note void for the reason that the consideration for the note is not bad in itself and that the statute does not so disclose. The same argument was made to this court in *Pinney v. Bank,* 68 Kan. 223, 75 Pac. 119. In answer to that argument it was said:

"The taking of the notes as alleged was a crime in itself, and it would hardly do to allow the party committing the offense to maintain an action on the obligations so criminally taken. No rights can be acquired by persons who so violate a penal statute, nor by those who know that the act on which they ground their claim was done in violation of law." (p. 231.)

It is not necessary to discuss what the result would have been if the only defense in this case had been the fraud and misrepresenta-

tion in the consideration. We have seen fit to put the case altogether on the failure to have the required words stamped on the note.

Appellant urges certain instructions that were requested and not given and certain special questions that were submitted by appellant to be asked the jury and which the court refused. These instructions in a large measure had to do with the fraud feature of this case. Since we have seen fit to put the decision upon the ground that the form of the note was fatal to its validity these will not require attention.

The judgment of the district court is affirmed.