**PUBLIC LOAN CORPORATION, Plaintiff, v. HOOD et, Defendants.**

Common Pleas Court, Butler County.

No. 70883. Decided January 17, 1955.

424

Robert H. Martin, Hamilton, for plaintiff.
Lester W. Koehler, Hamilton, for defendant.

## OPINION

By CRAMER, J:

This cause was submitted to the court upon the pleadings. consisting of petition, answer, and reply, and upon the evidence. The court heard the same without the intervention of a jury.

In this action the plaintiff seeks to recover upon a promissory note

upon which there is due the sum of $725.45, which note was executed by the defendants herein,—husband and wife—on November 29, 1952 in the principal sum of $660.00. The note sued upon represented an increase over a previous loan made by the defendants which increase amounted to approximately $100.00. As a matter of fact, this note was the fifth or the sixth made by the defendants to the plaintiff, all of which, with of course the exception of the first, were made as a result of loans which were increased over the previous indebtedness of the defendants to plaintiff.

The defendant Russell Hood filed his answer (his wife, the other defendant, makes no defense to the petition) in which he admits the execution and delivery of the note, the subject of this action. He alleges—and the plaintiff admits—that he was, on the 4th day of August, 1953, discharged as a bankrupt in the United States District Court of the Southern District of Ohio and that plaintiff was listed as a creditor in such bankrupt proceedings, the debt being evidenced by the note sued upon in this case. This defendant further alleges, and this likewise is admitted by the plaintiff, that plaintiff's claim was listed in the schedules of this defendant which were attached to his petition in bankruptcy, and that it had notice of the filing of said petition and that it did not file any objections to the defendant's discharge in bankruptcy.

The plaintiff, by reply, sets up the claim that the defendant, in order to induce the plaintiff to make the loan, evidenced by the note in question, by written statement, which it relied upon, falsely misrepresented the amount of his indebtedness. It is further asserted by plaintiff that the defendant, in the financial statement, given fraudulently, failed to disclose that he had other indebtedness amounting to over $900.00. The written statement disclosed that the defendants owed but $41.00 over and above the sum then owed plaintiff by previous loan.

Thus, it is seen that it is the plaintiff's claim that this defendant's discharge in bankruptcy was ineffective to release him from the obligation sued upon because he had obtained from plaintiff "property by false pretenses or false representation."

The evidence shows without question, in our opinion, that at the time this defendant executed the financial written statement to plaintiff he was indebted to two finance companies other than this plaintiff. It is likewise apparent from the evidence that the indebtedness of the defendant existing at the time he executed the aforesaid statement, exceeded by almost $900.00 the amount he represented as then owing to others.

We also find that the defendant was fully aware of the fact that he had these other obligations and further that neither he nor his wife disclosed the same to plaintiff's manager or any of its other officers.

The first question of law which arises here is whether this court has jurisdiction to determine that this note was excepted from the operation of the discharge in bankruptcy where, the creditor (plaintiff) fails to file objections to the debtor's discharge in the Bankruptcy Court.

We answer this question in the affirmative.

In the case of **Ohio Finance Company v. Greathouse, 64 Abs.; page 1,** also found in 110 N. E. 2d. 805, it was held;

"A discharge in bankruptcy does not relieve a defendant from liability on his promissory note where the debt for which the note was given was created in reliance upon a materially false statement in writing made by defendant for the purpose of obtaining such credit from plaintiff, even though listed as a debt and notice given to plaintiff who made no objection to the discharge in the Bankruptcy Court."

The court in the course of its opinion made the following statement:

"True it is that plaintiff could have come into the Bankruptcy Court and shown the fraudulent character of the indebteness upon defendant's application for discharge. But since the Bankruptcy Act itself provides that an indebteness incurred by false pretenses and misrepresentations amounting to fraud is not dischargeable in bankruptcy, it was not incumbent upon plaintiff to take any steps in the Bankruptcy Court to defend against a discharge from a debt specifically excepted from discharge under the Act."

See also Vol. 133, A. L. R., at page 460, wherein is found this statement:

"It has been held, in cases involving claims for goods sold on credit, that a state court in which an action is brought on such a claim, which defendant alleges was discharged in bankruptcy, has jurisdiction to determine whether such claim was excepted from the operation of a discharge in bankruptcy."

Our next question is whether plaintiff has mis-conceived its remedy and by filing its action on contract instead of tort is precluded from pleading defendant's tort by way of reply to his answer setting up his discharge in bankruptcy.

We answer this in the negative.

In the Greathouse case supra, the court well said that the plaintiff was not required to anticipate that the defendant would assert the defense of the discharge of a non-dischargeable debt; that having asserted such discharge, plaintiff need only deny the same in the reply. The court further stated that the defendant cannot decide for plaintiff the nature of his cause of action, nor can defendant change plaintiff's cause of action by alleging matters defensive thereto.

It should be kept in mind that bankruptcy does not extinguish the debt—it merely bars the remedy, and therefore the note here sued upon was not extinguished by the bankruptcy, is still in existence, and its collection enforceable if excepted from a discharge in bankruptcy. The Bankruptcy Act recognizes a debt created by the fraud of the bankrupt as a debt not discharged and not affected by the proceedings in bankruptcy.

In the case of Stewart v. Emerson, 52 N. H., 301, referred to in Vol. 133, A. L. R., at page 466, the court made the following observation:

"And when the plaintiff answers the plea of discharge by the replication of debt created by fraud, he does not attempt to rescind or invalidate or renounce the contract, but he affirms it, and claims that the debt is a valid, subsisting debt. In the declaration he asserts a debt. In the replication he asserts the same debt. He avers the fraud, not to avoid the contract himself, but to show that the defendant cannot avoid it; xxx not to show that there is no such debt, but to show that there is such a debt notwithstanding the discharge."

The Bankruptcy Act (Section 17) provides, the following:

"A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowed in full or in part, except such as (2) are liabilities for obtaining money or property by false pretenses or false representations."

It has been held that to defeat a bankrupt's discharge on the ground that he obtained credit on materially false statements, it must be shown that he obtained money or property on credit; that he did so on his statement of his financial condition, relied on by the creditor, that the statement was in writing and materially false, and made to the creditor for the purpose of obtaining credit from him; and that the property was obtained by the bankrupt.

See In Re: Williams, 286 F., 135; also Annotation of Authorities collected in 133 A. L. R., commencing at page 440.

We experience little difficulty in finding that the plaintiff has sustained the burden of proving the allegations of his reply. We find that this defendant made a false statement in writing respecting his financial condition, and that the same was made to plaintiff in connection with the defendant's application for a loan, and the same was false in the respects hereinbefore set out and defendant well knew of the falsity thereof.

The evidence relating to the issue as to whether plaintiff relied on defendants statement as to his financial status was as follows:

The defendants' paying record with the plaintiff over a period of years was good; he and his wife were both employed and earning more than sufficient to discharge their obligations; that no previous default in his obligations to this plaintiff, accrued; that, to secure this as well as the previous loans, a chattel mortgage on the furniture of the defendant was given to plaintiff. In addition, only the sum of $100.00 was actually loaned by plaintiff at the time the financial statement was given to it, not the full amount of the note.

An officer of the plaintiff testified that the statement of the borrower respecting other indebtedness is always material and highly persuasive to the lender for it reflects importantly upon the borrower's ability to re-pay, and that this new loan would not have been made to the defendant had his indebtedness to the other finance companies been disclosed.

We have concluded, however, that it is fair to gather from this evidence that the misrepresentations made by this defendant constituted a material inducement to plaintiff to make the new loan.

It has been said that it is not necessary to the predication of fraud that a misrepresentation be the sole cause or inducement of the contract or transaction in question and the only element relied upon by the representee contributing to the result so long as it does constitute a material inducement.

See Vol. 23, Am. Jur., Sec. 145, pages 946-7.

In the Annotation found in Vol. 104, A. L. R., at page 921, we find the following:

"In order to be actionable, it is not necessary that false representations contained in a financial statement constitute the sole inducing

cause for making the loan or extending the credit in question so long as they were moving considerations relating to material matters."

See also Dero v. Turner, 22 Atl., 2d., p. 173; State v. Howley, 16 S. E., 2d., p. 705; also Farra v. Churchill, 135 U. S., 609, wherein the Court said, speaking of the representation:

"It must be the very ground on which the transaction took place, although it is not necessary that it should have been the sole cause, if it were proximate, immediate and material."

We therefore find that plaintiff has sustained the burden of proving all of the elements essential to constitute the making of materially false statements, barring discharge, including the element of reliance by plaintiff upon such statements.

This leaves the final question: Should plaintiff recover the full amount of the note or merely the sum of $100.00, which was the sum actually loaned to defendant at the time the false financial statement was given by him?

The defendant seems to be of the view that had the action been one in tort for fraud and deceit rather than upon a contract, plaintiff, if otherwise successful, would be entitled to recover but the sum of $100.00 as damages sustained. It is apparently likewise contended that plaintiff, by its reply has converted its action into one for tort rather than contract.

What has already been herein stated reveals our opinion as not in accord with this latter contention of the defendant.

It is further our view that even though this were an action ex delicto rather than ex contractu, it would by no means follow that plaintiff's recovery would be restricted to the amount it advanced on the date of the execution of the note which replaced the previous one.

We believe that plaintiff is entitled to recover the full amount evidenced by the note sued upon here.

The defendant, by his false financial statement, obtained the satisfaction and surrender of his old note, that is, the note which was in existence prior to the time of execution of the note in question. Under these circumstances it certainly cannot be argued that the defendants did not obtain "property" by false representations within the meaning of the Bankruptcy Act.

He, by such representations, obtained the discharge and surrender of a valid note, which was evidence of his obligation to repay a substantial sum of money to plaintiff. To hold here that plaintiff is restricted to recovering the sum of $100.00 would in effect declare that the note, the discharge and surrender of which the defendant so obtained, was not property and not of any value. Such a holding would be contrary to law.

See In Re: Weitzman, 11 Fed., 2d, 897, and cases therein cited.

The court finds upon the issues raised in this case in favor of the plaintiff and against the defendant Russell S. Hood and that plaintiff is entitled to recover the full amount of the note sued upon with interest as prayed for in its petition, together with its costs.

An entry may accordingly be prepared.