152 So.2d 685

**H. C. GREEN, Jr., d/b/a Green Poultry and Egg Company**

v.

**SOUTHERN POULTRY COMPANY, Inc.**

I Div. 992.

Supreme Court of Alabama.

April 4, 1963.

Rehearing Denied May 9, 1963.

Wilkins, Stephenson & Byrd, Mobile, for appellant.

Hamilton, Denniston, Butler & Riddick, Mobile, for appellee.

PER CURIAM.

Appellee filed suit in the circuit court of Mobile County, with only one count in the complaint, to recover of defendant (appellant here) the sum of $4200 with interest alleged to be due by a check drawn by defendant on a Mobile bank, dated November 11, 1954, and payable to plaintiff. The complaint alleged that the check was duly presented, payment refused and duly protested.

The defendant filed a plea, in answer to the complaint, alleging that on July 28, 1955, he was duly adjudged a bankrupt, under the Acts of Congress relating to Bankruptcy, and that subsequently he was duly discharged from all debts and claims provable by said Acts against his estate, and which existed on the 27th day of January, 1955, except as to such debts as were excepted by law from the operation of the discharge; further, he alleged that the cause of action, the basis of the suit, was a provable claim, duly scheduled in his petition, and he was discharged and released therefrom.

Thereupon, plaintiff filed a replication to the plea of discharge above mentioned. The replication, as last amended, is as follows:

"Comes now Southern Poultry Company, Inc., plaintiff in the above styled cause, and amends its amended replication heretofore filed in said cause to defendant's plea of discharge in bankruptcy heretofore filed so as to read, in its entirety, as follows:

"Plaintiff avers that on, towit, the date of said check described in the complaint, defendant attempted to order from plaintiff certain poultry broilers and hens and Plaintiff refused to take the order until Defendant paid for certain poultry theretofore obtained from Plaintiff the payment for which Defendant had not made; that as an inducement to Plaintiff to accept and fill his order Defendant promised to send and did send to Plaintiff the said check described in the complaint, which said check was received by Plaintiff on; to-wit, November 15, 1954; that at the time of the making or uttering of said check Defendant knew he did not have sufficient funds in said bank to cover said check in full upon its due presentation; that upon receipt of said check and upon the inducement thereof Plaintiff did accept Defendant's order for said poultry, consisting of, to-wit, 44,114 pounds of chicken broilers and 766 pounds of hens, and did on, to-wit, November 17, 1954, fill said order by delivery of said quantities of poultry to Defendant or Defendant's agent; that the value of said poultry so delivered was, to-wit, $4,471.66; that Plaintiff relied upon the said inducement of Defendant in the making and tendering of said check and would not otherwise have parted with said poultry; and Plaintiff further avers that said check was duly presented, payment refused and duly protested.

"Wherefore, Plaintiff says its claim is not dischargeable in bankruptcy and was not discharged in Bankruptcy Case No. 8489 as averred in Defendant's plea of discharge."

Defendant's demurrer to the replication was overruled, issue joined thereon, and the trial proceeded to a conclusion with judgment for plaintiff. Defendant appealed from the rendition of this judgment.

Section 35, Title 11 U.S.C.A., Bankruptcy, provides, in part, as follows:

"A discharge in bankruptcy shall release a bankrupt from all of his provable debts, * * * except such as * * * "(2) are liabilities for obtaining money or property by false pretens-

es or false representations, * * * or (4) were created by his fraud, embezzlement, misappropriation or defalcation while acting as an officer or in any fiduciary capacity. * * *"

In the case of M. C. Kiser Shoe Company v. Gerald, 17 Ala.App. 648, 88 So. 49, cert. den. Ex parte Gerald, 205 Ala. 697, 88 So. 921, it was held that in an action on a debt for goods sold, when defendant's discharge in bankruptcy was pleaded, it was a good replication that the debt was created by fraud or fraudulent representation, and such representation did not set up a new cause of action or change the cause of action· declared on.

Effective in Alabama at the time of the alleged transaction here the subject of suit, was Act No. 116, appvd. June 20, 1951, Gen.Acts 1951, Vol. 1, p. 343 (repealing §§ 232, 233 and 234, Title 14, Code of Alabama 1940), a pertinent part of § 1 of said Act being as follows:

"Any person who shall obtain any money, merchandise, property, or thing of value, though no express representation is made in reference thereto, or who, in payment of any obligation, whereby additional credit is obtained, shall make, draw, utter, or deliver any check, draft, or order for the payment of money, upon any bank, depository, person, firm or corporation, knowing at the time of such making, drawing, uttering or delivery that the maker or drawer has not sufficient funds in, or credit with such bank, depository, person, firm or corporation for the payment in full of such check, draft, or order, upon its due presentation, shall be deemed guilty of a misdemeanor, * * *."

The allegations of the replication bring it within the purview of Act No. 116, supra, for that defendant perpetrated a fraud upon plaintiff in obtaining additional credit and the creation of a debt for poultry shipped after receipt of the check and in reliance on the extinguishment of the debt it purported to pay. The facts alleged in the replication, if true, constituted a fraud on plaintiff so far as the additional shipment of poultry was concerned.

But no effort is being made in this suit to recover for the value of the subsequent shipment of poultry in reliance upon the payment of the prior debt. This suit is to recover on the check, which, lacking, to-wit: $200.00, was submitted in payment of a prior debt concerning which there is no allegation in the replication of fraudulent creation on the part of defendant.

■ It was not legal fraud under the replication so far as the pre-existing account or debt is concerned. The check sued on was given for a pre-existing debt. It was the evidence of that debt. Gregory v. Williams, 106 Kan. 819, 189 P. 932. The non-payment of the check did not impair this prior existing obligation due plaintiff by defendant. Plaintiff was not deprived of any right it had against defendant by acceptance of this check. It could have sued defendant immediately upon non-payment of the check on the debt for which the check was given, and the defendant could not have defeated the suit because he had given the check. It likewise could have sued on the check, prior to bankruptcy, and could have recovered in the absence of a valid defense. Phillips v. State, 24 Ala. App. 456, 136 So. 480.

■ Plaintiff had a cause of action, under the facts alleged in the replication, for the value of the subsequent shipment of poultry, a debt materially induced by the revival of credit, by use of the fraudulent check, and not a cause of action on the check itself that was free of defendant's plea. To illustrate: If the value of the subsequent shipment of poultry had been for $2,000.00, then plaintiff would be recovering not only this loss but $2200.00 principal on the old debt, none of which was created by fraud or false pretense. Thus it may be said that the damages sustained by the alleged deceit have numerically in terms of dollars and cents no identity with the amount of

the check. It is no answer to say that under such circumstances the amount of the recovery on the check should be limited to the value of the shipment after the renewal of credit. We would be approving the substitution of one cause of action for another provided the recoverable damages in the former are limited to those recoverable in the latter.

The court in the case of Public Loan Corporation v. Hood, (Court of Common Pleas, Ohio) 125 N.E.2d 770, observed as follows:

"Our next question is whether plaintiff has misconceived its remedy and by filing its action on contract instead of tort is precluded from pleading defendant's tort by way of reply to his answer setting up his discharge in bankruptcy.

"We answer this in the negative.

"In the Greathouse case, supra [Ohio Finance Co. v. Greathouse, 64 Ohio Law Abst. 1, 110 N.E.2d 805, 807], the court well said that the plaintiff was not required to anticipate that the defendant would assert the defense of the discharge of a dischargeable debt; that having asserted such discharge, plaintiff need only deny the same in the reply. The court further stated that the defendant cannot decide for plaintiff the nature of his cause of action, nor can defendant change plaintiff's cause of action by alleging matters defensive thereto.

"It should be kept in mind that bankruptcy does not extinguish the debt—it merely bars the remedy, and therefore the note here sued upon was not extinguished by the bankruptcy, is still in existence, and its collection enforceable if excepted from a discharge in bankruptcy. The Bankruptcy Act, 11 U.S. C.A. § 1 et seq., recognizes a debt created by the fraud of the bankrupt as a debt not discharged and not affected by the proceedings in bankruptcy.

"In the case of Stewart v. Emerson, 52 N.H. 301, referred to in Volume 133 A.L.R. at page 466, the court made the following observation:

"'And when the plaintiff answers the plea of discharge by the replication of debt created by fraud, he does not attempt to rescind or invalidate or renounce the contract, but he affirms it, and claims that the debt is a valid, subsisting debt. In the declaration he asserts a debt. In the replication he asserts the same debt. He avers the fraud, not to avoid the contract himself, but to show that the defendant cannot avoid it; * * * not to show that there is no such debt, but to show that there is such a debt notwithstanding the discharge.'"

The plaintiff in the case at bar elected to declare on the check which was evidence of the prior debt. Gregory v. Williams, 106 Kan. 819, 189 P. 932, supra. It was not evidence of the subsequent debt. If the plaintiff had declared for breach of defendant's promise to pay for the poultry subsequently delivered, and, by replication to a plea of discharge from that debt by bankruptcy, had set up the alleged deceit as constituting an exception to discharge by bankruptcy, or had filed suit in deceit based on the fraudulent payment of the prior debt, thus inducing the alleged renewal of credit, such pleading would have comported with the prevailing rules of law governing the transaction here involved. But this was not done. The suit is on the check that represents the prior debt. The replication admits the purpose for which the check was delivered to plaintiff and then alleges its deceptive character and its effect in inducing another transaction, namely the subsequent sale of poultry for which a debt was created. This latter transaction is distinct and separate from the prior debt.

The alleged deceit could just have easily arisen from counterfeit money tendered in payment of the prior account. In such instance, we do not believe it could be rea-

sonably contended that such spurious money would have been consideration for the creation of the subsequent debt—it would have been, as the check was, the vehicle used to effect the alleged deception of payment on which plaintiff relied. The gravamen of the damages plaintiff sustained was the alleged deceit as to payment.

The facts in the case of Personal Finance Company of Paterson v. Snyder, 131 N.J.L. 597, 37 A.2d 822, which appellant cites to support its contention that the judgment here on appeal is free from error, are different from the facts alleged in the replication. In the foregoing case the defendant's fraud induced the extinguishment of his debt to plaintiff, its discharge and merger in a new obligation, the subject of suit, that also included a debt for an additional sum of money currently borrowed. The court said:

"* * * The legal effect of the transaction of October 10, 1942 was the extinguishment of the existing debt of defendant and his wife, the amount of which was $254.65 and the creation of a new debt of defendant alone, induced by fraud, of $300. The argument that defendant received only $45.35 in cash ignores the fact that he received a renewal of the $254.65 for which he was liable, based on admitted fraud, to which the bankruptcy was no bar."

If it could be successfully contended that the replication here avers an extinguishment of the prior debt and its inclusion in the check as a new obligation, which was also the basis for a renewal of the prior credit relationship, we observe the replication in that aspect is not supported by proof, but on the contrary is refuted by the evidence of Mr. Marvin Gray, president of appellee, who testified that the account owing by Mr. Green evidenced by the check here in suit, was assigned to a factor, James Talcott in New York, and then further testified:

"* * * When that (the check) was received at James Talcott at the 225 Fourth Avenue address they immediately deposited that check for clearance in the Manufacturers Trust Company in New York, the Manufacturers Trust Company in the due course of banking sent that check through its various channels to be paid. If it was paid, James Talcott Company issued my company credit for the amount of money which they had advanced to me and then gave me an additional 20% that they had withheld."

We think the trial court erred in overruling defendant's demurrer to the replication. It should have been sustained. The judgment is due to be reversed and the cause remanded. It is so ordered.

The foregoing opinion was prepared by B. W. SIMMONS, Supernumerary Circuit Judge, while serving on the Supreme Court at the request of the Chief Justice, and was adopted by the Court as its opinion.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON, GOODWYN and COLEMAN, JJ., concur.