HOUSEHOLD FINANCE CORP., PLAINTIFF, *v.* SUTICH, DEFENDANT.

Municipal Court, Cuyahoga County.

No. A-645090.

PETRASH, J. This cause was submitted to the court upon the pleadings, the evidence and briefs of counsel. In this action plaintiff seeks to recover damages allegedly incurred as a result of false representations made by defendant in a loan transaction with plaintiff. The facts are these:

On August 30, 1960, defendant obtained a loan from plaintiff and executed a promissory note evidencing same in the amount of $1,000.00, payable $50.36 monthly on the 30th day of each month beginning September, 1960. By April 27, 1961, defendant was in default on his obligation to plaintiff, having made only three of the seven payments which had fallen due since August 30, 1960, and his balance was $905.12. On said date defendant went to plaintiff on his own initiative for the admitted purpose of "getting his loan up to date and getting his payments lowered." On that occasion defendant completed and signed a so-called financial statement whereby he represented his indebtedness to be $4,512.57, exclusive of plaintiff and a real estate mortgage; plaintiff cancelled and surrendered the note of August 30, 1960; and defendant executed a new note dated April 27, 1961, in the amount of $905.12, with monthly payments reduced to $46.00.

Less than three months later, on July 20, 1961, defendant signed a bankruptcy petition which was subsequently filed on July 24, 1961. The schedules of his bankruptcy petition contained several debts comprising at least $4,000.00 additional indebtedness which defendant had not included in the financial statement which he gave plaintiff. It was established at the trial of this case that these debts had been incurred by defendant prior to his transaction with plaintiff on April 27, 1961. Testimony was also presented that plaintiff relied on defend-

ant's financial statement in entering into the transaction on April 27, 1961; that plaintiff had no knowledge of defendant's additional indebtedness; and that had plaintiff had such knowledge it would not have entered into the transaction.

The issue presented here is whether under these circumstances plaintiff is entitled to recover from defendant as damages an amount equal to the balance of his account, notwithstanding the bankruptcy. We have no difficulty in finding that defendant was guilty of false representations respecting his financial condition, and despite defendant's contention that there was no reliance on the financial statement because of prior dealings between the parties, we find that plaintiff relied on such representations, on the authority of *Public Loan Corporation* v. *Hood*, 71 Ohio Law Abs., 423, 427:

"it is not necessary to the predication of fraud that a misrepresentation be the sole cause or inducement of the contract or transaction in question and the only element relied upon by the representee contributing to the result so long as it does constitute a material inducement."

Accordingly, it would seem that plaintiff is entitled to recovery notwithstanding defendant's bankruptcy in view of Section 17 of the Bankruptcy Act, the relevant portion of which reads as follows:

"*Section 17—Debts Not Affected by a Discharge:*

"a. A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as . . . (2) are liabilities for . . . obtaining an extension or renewal of credit in reliance upon a materially false statement in writing respecting his financial condition made or published or caused to be made or published in any manner whatsoever with the intent to deceive, . . ." (As amended July 12, 1960)

However, defendant is apparently of the view that where an existing loan is renewed under fraudulent circumstances on the part of the borrower, any liability for an amount owed under the prior loan is dischargeable in bankruptcy and only the liability for additional or "new" money advanced to the borrower in the renewal is nondischargeable. Defendant therefore urges that since no additional money was advanced to him

in the transaction in question here there is nothing for plaintiff to recover.

The authorities clearly do not support this view, and it is not one to which this court can subscribe either. In this connection attention is directed to the following comment on the 1960 amendment to Section 17 which appears in the Collier Pamphlet Edition of the Bankruptcy Act (emphasis added):

"1960 Amendment.—With the amendment of 14c (3) removing the false financial statement as a grounds for objecting to the discharge in bankruptcy of the nonbusiness bankrupt *it became important to make sure that obtaining* money, property or *credit by use of such false statement resulted in a nondischargeable debt.* Although case law reached this conclusion prior to the amendment, *the addition* by Pub. L. No. 86-621, 86th Cong., 2d Sess. (July 12, 1960), 74 Stat., 408, *of the following clause in \*17 (2) removed* any doubt on the subject:

" 'or for obtaining money or property on credit or obtaining an extension or renewal of credit in reliance upon a materially false statement in writing respecting his financial condition made or published or caused to be made or published in any manner whatsoever with intent to deceive.' "

This interpretation was followed in the leading case construing Section 17 in its amended form, *M-A-C Loan Plan, Inc.,* v. *Cooper,* 179 A. (2d), 313 (1961), where the Connecticut Supreme Court held the entire amount of a renewal loan nondischargeable:

"In reliance upon defendants' false representation, the plaintiff surrendered an existing obligation, with the right to its immediate enforcement, and entered into a new contract maturing in twenty months, advancing additional cash as well. This constituted a new transaction and resulted in a separate obligation independent of the former debt; and the debt thus incurred created a new and distinct liability for the entire balance due on the note within the intendment of \*17 of the Bankruptcy Act." (179 A. [2d] at 314.)

Since the transaction involved herein was consummated after Section 17 was amended, a decision such as *M. A. C. Loan* is highly relevant for purposes of this case. However, this principle had been applied in Ohio and many other states even before the 1960 amendment of Section 17. See *Leeds, Inc.,* v. *Love,*

104 Ohio App., 145 (1957), and *Public Loan Corporation* v. *Hood*, 71 Ohio Law Abs., 423 (1935), holding that where a debtor by fraud obtains the cancellation of an existing note and executes a new note for a new loan larger in amount than the old loan, and the debtor subsequently is discharged in bankruptcy, *the entire new debt is nondischargeable.* The same result was reached in *CHF Finance Company* v. *Jochum*, 127 So. (2d), 534 (La. 1961); *Beneficial Finance Company* v. *Hill*, 128 So. (2d), 209 (La. 1961); *Beneficial Finance Co.* v. *Norton*, 185 A. (2d), 218 (N. J. 1962); *Personal Finance Company* v. *Bruns*, 84 A. (2d), 32 (N. J. 1951); *In re Waite*, 223 Fed., 853 (D. Md. 1915); and *Samet* v. *Farmers & Merchants National Bank*, 247 Fed., 669 (C. A. 4th, 1917).

The underlying rationale of these decisions is explained in the Ohio case of *Public Loan Corporation* v. *Hood, supra*, where the court said:

"We believe that plaintiff is entitled to recover the full amount evidenced by the note sued upon here.

"The defendant, by his false financial statement, obtained the satisfaction and surrender of his old note, that is, the note which was in existence prior to the time of execution of the note in question. Under these circumstances it certainly cannot be argued that the defendants did not obtain 'property' by false representations within the meaning of the Bankruptcy Act.

"He, by such representations, obtained the discharge and surrender of a valid note, which was evidence of his obligation to repay a substantial sum of money to plaintiff. To hold here that plaintiff is restricted to recovering the sum of $100.00 would in effect declare that the note, the discharge and surrender of which the defendant so obtained, was not property and not of any value. Such a holding would be contrary to law." (71 Ohio Law Abs. at 428.)

This court concurs in this reasoning, and in view of the authorities discussed previously herein believes that plaintiff is entitled to recover an amount equal to the full balance of the note sued upon with interest as prayed for in its Petition, together with its costs. It is so ordered.