### In re LUSCH.

(District Court, E. D. New York. May 6, 1918.)

1. BANKRUPTCY ☞217(3)—PROCEEDINGS—STAY OF JUDGMENT.

On application to stay proceedings on a claim against the bankrupt pending determination of application for discharge, the bankruptcy court may pass on the character of the claim; but, if it is evidenced by a judgment, the court will not go behind the judgment, and will stay proceedings if the judgment appears to be dischargeable.

2. BANKRUPTCY ☞217(3)—DISCHARGE—EFFECT.

Where a debt is not dischargeable, a garnishee execution against the debtor will not be interfered with, despite his bankruptcy, and may be enforced after discharge.

3. BANKRUPTCY ☞217(3)—DEBTS DISCHARGEABLE—STAY.

Where the summons and complaint on which a judgment based on negligence in operating an automobile was obtained showed an ordinary cause of action in tort. the judgment debtor, having become a bankrupt, is entitled to a stay against the judgment, and the creditor cannot avoid the stay by affidavits showing that the bankrupt willfully and maliciously caused the injury for which the judgment was given.

In Bankruptcy. In the matter of the voluntary petition of Reuben M. Lusch. On motion by a judgment creditor to discharge a stay against the judgment which was rendered by the state court. Motion denied.

Louis Boehm, of New York City, for Nathan Marks.

Lester Harrisson, of Brooklyn, for petitioner.

CHATFIELD, District Judge. The bankrupt has obtained, pending application for discharge or further order, a stay against a judgment entered in the Supreme Court of New York for negligence in operating an automobile. The summons and complaint upon which the judgment was obtained show the usual cause of action for tort, but the judgment creditor seeks to vacate the stay upon affidavits charging that the bankrupt willfully and maliciously caused the injury for which the judgment was given, by deliberately running down the judgment creditor, after knocking him down in the street. The judgment creditor cites

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

such cases as Tinker v. Colwell, 193 U. S. 473, 24 Sup. Ct. 505, 48 L. Ed. 754, and Peters v. United States ex rel. Kelly, 177 Fed. 885, 101 C. C. A. 99, 24 Am. Bankr. Rep. 206, in which it is held that willful and deliberate injury does not necessarily mean with malice aforethought; while the bankrupt has cited Burnham v. Pidcock, 58 App. Div. 273, 68 N. Y. Supp. 1007, In re Nuttall (D. C.) 201 Fed. 557, 29 Am. Bankr. Rep. 807, and the cases above cited, in which it has been stated that "willful and deliberate injury" means more than gross negligence.

[1-3] This court has the right to pass upon the character of the claim to be stayed, in determining whether a stay should issue pending the determination of the discharge application; but, if the claim is evidenced by a judgment, it will not, in passing upon that question, go behind the judgment as shown by the record of the action in which the judgment resulted. The judgment creditor states that he desires to proceed by garnisheeing the salary of the bankrupt. If a debt is not dischargeable, a garnishee execution would not be interfered with and could be collected, even after discharge. If the debt is dischargeable, the garnishee execution falls, from the date of adjudication. Any person suing upon a cause of action is bound to anticipate that bankruptcy may intervene, and should draw the pleadings, upon which his cause of action is based, so that it will appear not dischargeable, if he wishes any judgment entered in that particular case to be free from the stay of the bankruptcy court while the discharge matter is pending.

It may be that, even after the obtaining of a discharge, a creditor can show that his debt was not dischargeable, and that the judgment has not been affected by the discharge. But, so far as the record under consideration is concerned, the judgment which the bankrupt seeks to stay appears to be dischargeable, and was obtained upon the trial of a cause of action so stated as to appear dischargeable in bankruptcy. The possibility that the creditor might seek to accumulate a fund in the meantime, by means of issuing a garnishee execution, and that this fund should be held until the question of discharge was disposed of, makes it desirable that this sum should not be lost to the creditor.

An ordinary judgment, apparently dischargeable in bankruptcy, cannot be so changed in character by affidavits as to allow the creditor to treat it as based on a different state of facts. Hence, when the garnishee execution is based upon this judgment, the court cannot determine that the judgment represents a debt which arose from a broader cause of action than was set forth in the suit which was the foundation of the judgment.

Motion denied.