### GOODRICH v ECK

Ohio Appeals, 7th Dist, Mahoning Co

Decided October, 1937

J. G. Hartwell, Youngstown, for plaintiff-appellee.

J. M. Modarelli, Youngstown, for defendant-appellant.

### OPINION

By CARTER, J.

Plaintiff, on the 3rd day of June, 1932, filed his amended petition in the Court of Common Pleas of Mahoning County, in which he alleged that he had suffered personal injuries in the amount of twenty-five thousand dollars and property damage in the amount of eighty dollars, due to the negligence, unlawful, wanton and careless acts and omissions of the defendant in the operation of his automobile. Such proceedings were had thereon that a finding and judgment was entered in favor of the plaintiff and against the defendant in the amount of two thousand dollars.

On or about June 25, 1935, a petition in bankruptcy was filed by the defendant in the United States District Court and listed in the schedule of debts was plaintiff's judgment for two thousand dollars. Such proceedings were had thereon that on or about the 7th of September, 1935, the defendant, Eck, received from the United

States District Court a discharge in bankruptcy. Sec 17 of the Bankruptcy Act provides, among other things, that a discharge in bankruptcy shall release a bankrupt from all provable debts except such liabilities for obtaining property by false pretense or false representations or for wilful and malicious injuries to the person or property of another. And it is the claim of plaintiff Goodrich that Eck was not discharged from his judgment of two thousand dollars, for the reason that the judgment was based upon a liability which was the result of wilful and malicious injuries perpetrated by the defendant.

We have before us the pleadings and journal entries in the former case wherein plaintiff recovered his judgment against the defendant for two thousand dollars. However, we have no bill of exceptions incorporating the testimony and evidence in that case. Nowhere in the amended petition of plaintiff in the original cause of action do we find any claim made that the injuries of which plaintiff complained were brought about through wilful and malicious conduct. It is true that the plaintiff did charge wantonness. However, wanton misconduct and wilful misconduct are not synonymous.

Subsequent to the discharge in bankruptcy of the defendant, and it appearing there was no other property, either real or personal, out of which the judgment could be satisfied, a proceeding in aid of execution was instituted and such proceedings were had thereunder that the court entered its judgment in favor of plaintiff herein and ordered the Republic Steel Corporation to pay into the court for and on behalf of the plaintiff the sum of eight dollars and seven cents to be applied on plaintiff's judgment of $2,000, thereby holding that the judgment in question was one which was not discharged by Eck's discharge in bankruptcy, the finding of the court being to the effect that the injuries sustained by plaintiff were directly caused by the wilful and malicious acts of the defendant at the time. This finding by the lower court was based apparently on the pleadings, docket entries and testimony introduced at the hearing on the proceeding in aid of execution. In that hearing the court permitted plaintiff, over the objection of defendant, to introduce new and additional testimony. That is, the plaintiff was permitted to go back of the judgment, the pleadings and the evidence introduced in the original case to show that the injuries of which plaintiff complained

were brought about by wilfulness and maliciousness on the part of defendant. Was this proper procedure or was the court in error in permitting the introduction of this new and additional testimony at the time of the hearing on the proceeding in aid of execution? We believe the court was in error in permitting this additional testimony to be introduced to indicate that the injuries of which plaintiff complained in his original cause of action were brought about through wilfulness and wantonness on the part of the defendant. It is the view of this court that the lower court has no right to go into the original case further than to examine the pleadings, files and record of the evidence in the original case and could not in this proceeding in aid of execution permit new and additional evidence in an attempt to disclose that the injuries inflicted in the original case were inflicted by defendant wilfully and maliciously. There appears to be some conflict of authority in this record. However, we find a well considered case and authorities therein cited supporting this view as found in the case of Morrow v Pfleiderer et, 4 Oh Ap 283. The syllabi is as follows:

"1. While a discharge in bankruptcy does not extinguish the debt it does bar the remedy and may be pleaded in any action or proceeding in which the debt is asserted or is sought to be made the basis of recovery, including a proceeding to revive a judgment.

"2. The record of a judgment is conclusive of its character as a claim, for the purpose of determining whether it is within the exceptions from the bar of a discharge in bankruptcy provided in §17 of the U S. Bankruptcy Act as amended in 1903; hence, a creditor who seeks a revivor of a judgment on a promissory note cannot upon the interposition of a plea of discharge in bankruptcy, for the purpose of bringing the judgment within said exceptions, under a pleading to that effect dispute or explain the record by proof aliunde that the note was given for property obtained by the judgment debtor from such creditor by false and fraudulent representations."

The court in the course of its opinion say:

"Is the record of the judgment conclusive of the character of the claim upon which such judgment is based for the purpose of determining whether it is within the exceptions from discharge in bank-

550

ruptcy provided by §17 of the U. S. Bankruptcy Act as amended in 1903? Or may a creditor, as was done in this case, upon a plea of discharge in bankruptcy for the purpose of bringing the claim within such exceptions by pleading to that effect dispute or explain the record by proof that the note was given for property obtained by the judgment debtor for such creditor by false and fraudulent representation? The first of these questions must be answered in the affirmative and the latter in the negative.

"In the case of Forsyth v Vehmeyer, 176 Ill. 359, it was held that the question whether a judgment sought to be enforced against a discharged bankrupt was rendered for fraud committed by the defendant must be determined by the court from the record; that said judgment was conclusive and that evidence would not be received to dispute the record. This case was affirmed by the United States Supreme Court, 177 U. S. 177. To the same effect see the case of Hargadine-McKittrick Dry Goods Co. v Hudson, 111 Fed. Rep. 361, affirmed 122 Fed. Rep. 232. To the same effect see Harrington & Goodman v Herman, 172 Mo. 344."

The court in the above case cites other authorities sustaining its holding, which we deem unnecessary to refer to in this opinion.

We believe that the reasoning in the above case is sound and by reason thereof conclude that the court was without jurisdiction or authority to hear and determine the question involved in this case by resort to new and additional testimony presented at the hearing in the proceeding in aid of execution. And it appearing to this court that no other testimony or evidence was presented to the Court of Common Pleas, save and except the pleadings, docket, journal entries and the incompetent testimony herein referred to, final judgment is rendered in favor of appellant.

ROBERTS and NICHOLS, JJ, concur.