WIECZOREK *v*. MERSKIN.

1. AUTOMOBILES—NEGLIGENCE—STATUTORY LIABILITY OF OWNER.
   The liability for damages inflicted by the negligent operation of an automobile by its driver imposed by statute upon the owner thereof is in derogation of the common law (1 Comp. Laws 1929, § 4648).

2. BAILMENTS—AUTOMOBILES—COMMON LAW—LIABILITY OF OWNER —NEGLIGENCE OF DRIVER.
   At common law the owner of a motor vehicle would not be liable for damages resulting from its negligent operation by a driver to whom the car had been loaned.

3. STATUTES — CONSTRUCTION — AUTOMOBILES — NEGLIGENCE — LIABILITY OF OWNER.
   The statute imposing liability upon the owner of a motor vehicle for damages resulting from its negligent operation must be strictly construed (1 Comp. Laws 1929, § 4648).

4. NEGLIGENCE—GROSS NEGLIGENCE.
   While gross negligence and ordinary negligence are of a different character and the former is not a higher degree of the latter, gross negligence does include ordinary negligence and combines with it a wilful and wanton disregard for public safety.

---

Definition of recklessness or wilful and wanton misconduct, see 2 Restatement, Torts, § 500, special note, and comments.

5. Automobiles—Statutes—Negligence—Liability of Owner.

    The statute imposing liability upon an owner of a motor vehicle for damages resulting from its negligent operation imputes ordinary negligence; not gross negligence, to the owner and his liability to one not a guest passenger is the same whether the driver is guilty of gross or ordinary negligence (1 Comp. Laws 1929, § 4648).

6. Appeal and Error—Questions Reviewable—Liability of Owner of Automobile—Gross Negligence—Discharge in Bankruptcy.

    In action by guardian of mentally incompetent pedestrian against owner and operator of automobile for damages suffered by ward wherein judgment was rendered for plaintiff against driver for gross negligence and against owner for ordinary negligence, whether or not owner's discharge in bankruptcy would release her is not before the court on plaintiff's appeal from trial court's denial of plaintiff's motion to enter judgment against owner for gross negligence (1 Comp. Laws 1929, § 4648).

7. Bankruptcy—Discharge—Judgment—Examination of Record—Wilful and Malicious Injury.

    In determining whether a judgment arising from an automobile accident is covered within the bankruptcy act or is excepted from release by discharge as a wilful and malicious injury to person or property, the court may examine the entire record supporting the judgment (11 USCA, § 35).

Appeal from Wayne; Ferguson (Homer), J. Submitted December 11, 1943. (Docket No. 99, Calendar No. 42,399.) Decided February 24, 1944.

Case by Catherine Wieczorek, guardian of John Wieczorek, a mentally incompetent person, against Frances Merskin and Clarence Plotkowski for injuries sustained when ward was struck by an automobile. Verdict for plaintiff. Judgment for plaintiff against defendant Merskin based on ordinary negligence and defendant Clarence Plotkowski based on gross negligence. Plaintiff appeals. Affirmed.

*Harry J. Lippman,* for plaintiff.

*Stanley F. Kaczor,* for defendant Merskin.

BUTZEL, J. Plaintiff's guardian in her declaration alleged that Frances Merskin, the owner, and Clarence Plotkowski, her brother, the driver of an automobile, defendants herein, were guilty of "gross and/or wilful and/or wanton negligence" in the operation of an automobile, resulting in serious injuries to plaintiff's ward, a pedestrian. No claim is made that defendant Merskin was responsible in any manner except that as owner of the car she was liable for injury under 1 Comp. Laws 1929, § 4648 (Stat. Ann. § 9.1446), which reads as follows:

"The owner of a motor vehicle shall be liable for any injury occasioned by the negligent operation of such motor vehicle whether such negligence consists of a violation of the provisions of the statutes of the State or in the failure to observe such ordinary care in such operation as the rules of the common law require."

The jury rendered a verdict against both defendants for a substantial amount, and answered in the affirmative the special question propounded as to whether defendant Plotkowski was guilty of gross negligence. The record indicates that no such question was submitted as to defendant Merskin. Plaintiff thereupon filed a motion asking the trial judge to enter a judgment for the amount of the verdict against both defendants for gross negligence. This the judge declined to do, saying that he would enter judgment against defendant Merskin for ordinary negligence, and against defendant Plotkowski for gross negligence. He further stated that Merskin was not guilty of gross negligence, but that the judgment would stand in accordance with the verdict of the jury which had found defendant Plotkowski, the

driver of the car, guilty of gross negligence. The trial judge stated in his opinion that the legislature never intended to make the owner of the car, under the facts as presented in this case, guilty of gross negligence.

Plaintiff was granted leave to appeal, because she sought to have the question of the owner's liability for gross negligence determined, in view of the statute, section 4648, *supra,* hereinbefore quoted. She frankly stated that she wanted the judgment in the form requested so as to oppose the granting of petitions by owners for a discharge in bankruptcy which might be filed in this and similar cases. The appeal is in the nature of certiorari. The question is presented on a very meager record.

Cases from other States are not helpful. In fact, our attention has not been called to any case where the precise question based on similar facts has been adjudicated.

The statute relied upon (section 4648, *supra*), in imposing liability upon the owner, refers to liability for the "injury" arising out of the "negligent operation" of a car by its driver. Except as hereinafter indicated it does not speak of gross negligence. The liability is purely a statutory one in derogation of the common law under which there was no liability on the part of the owner under the circumstances of this case. See *Hartley* v. *Miller,* 165 Mich. 115 (33 L. R. A. [N. S.] 81, 1 N. C. C. A. 126). The statute must be strictly construed and we may not go beyond it to impose liability. Under the law of this State, gross negligence and ordinary negligence are of different character. The former is not a higher degree of the latter, for we do not subscribe to the doctrine of comparative negligence. *Gibbard* v. *Cursan,* 225 Mich. 311; *Finkler* v. *Zimmer,* 258 Mich. 336. Ordinary negligence does not signify the

wantonness or wilfulness that are necessary elements of gross negligence, which, however, does include ordinary negligence combined with a wilful and wanton disregard for public safety. *Schlacter* v. *Harbin,* 273 Mich. 465; *Finkler* v. *Zimmer, supra; Bobich* v. *Rogers,* 258 Mich. 343; *Wyma* v. *Van Anrooy,* 260 Mich. 295; *Grabowski* v. *Seyler,* 261 Mich. 473; *Mater* v. *Becraft,* 261 Mich. 477.

The statute imputes ordinary negligence, not gross negligence, to the owner in making him respond in damages for the injury. The owner's liability for an injury is the same whether the driver is guilty of gross or ordinary negligence. The statute imposes liability only because of *negligent operation.* Since the driver would be guilty of *negligent operation* if he committed an act of ordinary or gross negligence, the owner is liable in each case for the ordinary negligence committed. As stated in *Howton* v. *Kearns,* 226 Mich. 20, "the greater includes the lesser and a plaintiff may recover for ordinary negligence where he has alleged gross negligence as that term is commonly understood." The principle is paraphrased in *White* v. *Center,* 218 Iowa, 1027 (254 N. W. 90), as follows:

"One who is guilty of negligence may not be guilty of recklessness, but one who is guilty of recklessness is also guilty of negligence."

Plaintiff calls attention to *Lucas* v. *Lindner,* 276 Mich. 704, and *Goss* v. *Overton,* 266 Mich. 62, where the owner was held liable to a guest passenger because of the gross negligence of the driver. There was no request to include the term gross negligence in the judgment of either of these cases. The statute (section 4648) contains the following proviso:

"That no person, transported by the owner or operator of a motor vehicle as his guest without

payment for such transportation shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been caused by the gross negligence or wilful and wanton misconduct of the owner or operator of such motor vehicle and unless such gross negligence or wilful and wanton misconduct contributed to the injury, death or loss for which the action is brought."

It will be seen that liability under the guest passenger act attaches to the owner or operator only in the event of gross negligence or wilful and wanton misconduct of the owner or operator of the car. The statute, while imposing this liability for the injury, does not make the owner guilty of the gross negligence of the driver though the owner remains responsible for the injury resulting from the negligent act of the driver.

Even had the judge entered a judgment for gross negligence against the owner, we have not before us the question of whether a discharge in bankruptcy would release her, nor whether a judgment of this character would be within the exception that precludes a bankrupt from obtaining a discharge from a liability arising out of wilful and malicious injuries to the person or property of another. Bankruptcy Act, § 17 (2) (11 USCA, § 35). We, however, call attention to *Bonnici* v. *Kindsvater*, 275 Mich. 304, wherein we also stated that the court may examine the entire record supporting judgment to ascertain whether it is covered within the bankruptcy act excepting wilful and malicious injuries to person or property from release by discharge. Also, see *Horner* v. *Nerlinger*, 304 Mich. 225.

The order of the trial judge, refusing to insert in the judgment against appellee the further statement

that she was guilty of gross negligence, is affirmed, with costs to appellee.

NORTH, C. J., and STARR, WIEST, BUSHNELL, SHARPE, and BOYLES, JJ., concurred. REID, J., took no part in the decision of this case.