## OHIO FINANCE COMPANY, Plaintiff-Appellee. v. GREATHOUSE, Defendant-Appellant.

Ohio Appeals, Seventh District, Mahoning County.

No. 3158. Decided June 27, 1947.

Morris Mendelssohn, Youngstown, for appellee.
W. M. Howard, Youngstown, for appellant.

## OPINION

By NICHOLS, J:

In this action instituted in the Municipal Court of the City of Youngstown, Ohio, the plaintiff, The Ohio Finance Company, alleged a cause of action against defendant on a promissory note. The defendant, Leonard Greathouse, pleaded his discharge in bankruptcy. The plaintiff replied that the debt for which the note had been given was created by the defendant's false pretenses and misrepresentations constituting fraud. Judgment was rendered for plaintiff; defendant prosecutes this appeal on questions of law.

The following questions material to a decision on this appeal are:

1. Did the discharge in bankruptcy relieve the defendant from liability on the note set up in plaintiff's Statement of Claim, the execution of the note by defendant being admitted, his discharge in bankruptcy having been shown, wherein he listed this debt and gave notice to the plaintiff, who made no objection to the discharge in the Bankruptcy Court?

2. Did plaintiff misconceive its remedy and by filing its action on contract instead of tort, thereby preclude itself from pleading defendant's tort by way of reply to defendant's answer setting up the discharge in bankruptcy?

3. Could plaintiff attack in the Municipal Court the bankruptcy discharge, or was it required to seek relief in the Bankruptcy Court to set aside such discharge on the ground of the alleged false pretenses and misrepresentations of defendant?

We are of the opinion that the answers to all these questions are no longer debatable in view of the express provisions of the Bankruptcy Act and the several decisions of this court, in which we follow the great weight of authority throughout the United States. All these questions must be answered favorably to the plaintiff-appellee.

Section 17 of the Bankruptcy Act, Title 11, Bankruptcy, Section 35, U. S. C. A., provides:

"A discharge in bankruptcy shall release a bankrupt from all his provable debts, whether allowable in full or in part, except such as * * * are liabilities for obtaining money or property by false pretenses or false representations * * *."

Section 32, Title 11, Bankruptcy, U. S. C. A., provides:

(c) "The court shall grant the discharge unless satisfied that the bankrupt has * * * (3) obtained money or property on credit or obtained an extension or renewal of credit, by making or publishing or causing to be made or published in any manner whatsoever, a materially false statement in writing respecting his financial condition."

As to the elements essential to constitute materially false statements barring discharge, see In re Williams, D. C., 286 F. 135, 137, wherein it is held:

"To defeat a bankrupt's application for discharge on the ground that he obtained credit on materially false statements in writing, it must be shown that the bankrupt obtained money or property on credit, that he did so on a statement of his financial condition, relied on by the creditor, that the statement was in writing and materially false, and made to the creditor or his representative, for the purpose of obtaining credit from such creditor, and that the property was obtained by the bankrupt or someone duly authorized by him."

All such required elements are plead in plaintiff's Reply and amply shown by the record in this case.

Defendant made written application for the loan of money to him by plaintiff, representing therein that the listed debts or liabilities are a true and correct list thereof and given for the sole purpose of inducing the named loan company to make a loan to him in reliance thereon, and is signed by defendant

and his wife. The record discloses that the list did not contain a true statement of his indebtedness. Plaintiff's manager testified to the reliance of the loan company upon the statement furnished and that the loan company would not have made the loan if the manager had known of the other debts of defendant listed in his Schedule filed in the Bankruptcy Court.

It seems perfectly clear that defendant's discharge in bankruptcy operated only to the extent provided in the Bankruptcy Act and did not release him from the indebtedness incurred by him in the manner shown in this record. We fail to see any reason why plaintiff could not sue in the Municipal Court upon the note evidencing defendant's indebtedness, that court having jurisdiction of the parties and such cause of action. True it is that plaintiff could have gone into the Bankruptcy Court and shown the fraudulent character of the indebtedness upon defendant's application for discharge. That procedure was followed in the case of In re Williams, supra. But since the Bankruptcy Act itself provides that an indebtedness incurred by false pretenses and misrepresentations amounting to fraud is not dischargeable in bankruptcy, it was not incumbent upon plaintiff to take any steps in the Bankruptcy Court to defend against a discharge from a debt specifically excepted from discharge under the Act.

It will be kept in mind that defendant was charged with knowledge that this fraudulently incurred indebtedness was not dischargeable in bankruptcy. Certainly plaintiff in the Municipal Court was not required to anticipate that defendant would assert the defense of discharge of a non-dischargeable debt. Defendant having asserted such discharge, plaintiff need only deny the same in its Reply, which it did and alleged the reasons for such denial. Defendant cannot decide for plaintiff the nature of the cause of action. Nor can defendant change plaintiff's cause of action by alleging matters defensive thereto. Having attempted to avail himself of a discharge in bankruptcy, which was denied, it was incumbent upon defendant to prove an effective discharge, since he admitted the execution and delivery of the note. Defendant simply failed upon the proof of his alleged defense, although he may have established a prima facie defense by the introduction of his Certificate of Discharge together with evidence of this debt having been listed in his Schedule of Debts and that notice thereof was had by plaintiff. Such prima facie defense was effectively rebutted by the facts alleged in plaintiff's Reply and established upon the trial wherein no prejudicial error has intervened.

This court as now constituted has previously held that the same procedure as followed in this case was proper. See opinions in the cases of

The Ohio Finance Company, Plaintiff-Appellee, vs. Charles E. Wilson, et al., No. 1003, Trumbull County, The Ohio Finance Company, Plaintiff-Appellee, vs. Luigi Valle, Defendant-Appellant, No. 2942, Mahoning County.

The authorities upon which we rely are numerous and include:

Gregory v. Williams, 106 Kan. 819, 189 Pac. 932, in which the situation was identical with that in the instant case. Many cases are cited by the Kansas court in support of its decision.

Hisey v. Lewis-Gale Hospital, D. C., 27 F. Supp. 20, 40 Am. Bankruptcy Reports (n. s.) 206.

Wieczorek v. Merskin, 1944, 308 Mich. 145, 13 N. W. (2d) 239. The cited cases also refer to other authorities.

Appellant cites and relies on the case of **Morrow v. Pfleiderer, 4 Oh Ap, 283, 289,** that court citing Strauch v. Flynn, 108 Minn. 313, 122 N. W. 320, and our attention is called to the opinion of Carter, J., of this court, in **Goodrich v. Eck, 25 Abs 548,** in which reference is made with approval to the two cases relied on by appellant here.

Appellant also cites **Bannon v. Knauss, 57 Oh Ap 288.** This case certainly is not favorable to the position of appellant herein.

As to the other cases cited by appellant, it is sufficient now to say that they are clearly distinguished from the case now under review, as will be seen by reference thereto.

As supporting our conclusions herein we further cite and refer to:

In re Menzin (In re Lewis Frank & Sons), 2 Cir., 238 Fed., 773.

1 Collier on Bankruptcy, 1607—1608, and cases cited.

6 Amer. Jur., Section 502, p. 811, and following.

Talcott v. Friend, 7 Cir., 179 F., 676, 43 L. R. A. (n. s.) 649.

Friend v. Talcott, 228 U. S., 27, 33 S. Ct. 505, 57 L. Ed., 718.

We find no error prejudicial to appellant and the judgment of the Municipal Court must be and is affirmed.

CARTER, PJ, PHILLIPS, J, concur in the judgment.