· **OHIO FINANCE COMPANY, Plaintiff-Appellant, v. BARTOLLI, Defendant-Appellee.**

Ohio Appeals, Seventh District, Mahoning County.

No. 3807.   Decided November 18, 1955.

Morris Mendelssohn, Youngstown, for plaintiff-appellant.
William A. Fisher, Youngstown, for defendant-appellee.

## OPINION

By PHILLIPS, PJ.

On the strength of a financial statement furnished by defendant to plaintiff on August 31, 1953, plaintiff, an Ohio corporation, loaned defendant and his wife $650.00 on a 1941 DeSoto automobile, refinancing a loan made in 1951.

Before repayment of the loan defendant was adjudicated and discharged as a bankrupt upon his voluntary petition filed in bankruptcy in the United States District Court for the Northern District of Ohio, Eastern Division, and thereafter refused to pay plaintiff the amount of such indebtedness.

Plaintiff sued defendant in the Municipal Court of Youngstown upon the note evidencing such loan, which contained a warrant of attorney to confess judgment.

By answer defendant alleged inter alia:—

"That said loan was made to the defendants on a four-door 1941 DeSoto automobile, in year of 1951, and said claim was filed in bankrutpcy and said automobile was abandoned to the plaintiff by the defendants and by the federal court. The defendant was rendered discharged in bankruptcy on the 27th day of April 1954, and discharged."

By reply plaintiff alleged that defendant failed to allege facts stating a defense.

On trial, upon evidence showing that defendant failed to list several of his creditors in his financial statement existing at the time of fur-

nishing such statement, and introduction of the financial statement plaintiff rested.

The evidence is conflicting as to whether the plaintiff made a materially false statement of his assets and liabilities in order to obtain the loan and the plaintiff made such loan in reliance on the claimed false statement.

At the close of defendant's case the trial judge sua sponte permitted defendant to amend his answer by interlineation to conform to the pleadings by alleging that defendant was "rendered discharge in bankruptcy on the 27th day of April 1954 and discharged," as a bankrupt and entered judgment for defendant.

Plaintiff contends that by failing to list all of his creditors in his financial statement defendant signed and submitted to plaintiff a materially false statement; and that the trial judge "had no power to permit the defendant-appellee to amend his answer to add that he obtained a discharge."

In the case of **Ohio Finance Company v. Greathouse, 64 Abs 1,** upon which plaintiff relies to support its first contention, this court said:—

"A discharge in bankruptcy does not relieve a defendant from liability on his promissory note where the debt for which the note was given was created in reliance upon a materially false statement in writing made by defendant for the purpose of obtaining such credit from plaintiff, even though listed as a debt and notice given to plaintiff who made no objection to the discharge in the bankruptcy court."

"A discharge in bankruptcy must be pleaded specially. A plea of adjudication in bankruptcy is not sufficient as a pleading of the defense of discharge." 6 American Jurisprudence, Section 806, Page 1024.

"Before or after judgment, in furtherance of justice and on such terms as it deems proper, the court may amend any pleading, process, or proceeding, by adding or striking out the name of any party, or by correcting a mistake in the name of a party or a mistake in any other respect, or by inserting other allegations material to the case, or, when the amendment does not substantially change the claim or defense, by conforming the pleading or proceeding to the facts proved. * * *." Sec. 2309.58 R. C.

In our opinion the evidence being in such conflict as to require the trial court to weigh the same we are unable to find that its finding and judgment are against the manifest weight of the evidence nor that the trial judge abused his discretion in permitting defendant to amend his answer in the respects noted at the close of the evidence introduced in the trial court.

It is apparent from the law and the facts that the judgment of the trial court must be and is affirmed hereby.

GRIFFITH and NICHOLS, JJ, concur.