## OHIO FINANCE COMPANY, Plaintiff-Appellant, v. GREENE, Defendant-Appellee.

Ohio Appeals, Seventh District, Mahoning County.

No. 3830.    Decided March 26, 1956.

Morris Mendelssohn, Youngstown, for plaintiff-appellant.
Eugene B. Fox, Youngstown, for defendant-appellee.

### OPINION

By PHILLIPS, PJ.

On August 12, 1952, plaintiff finance corporation loaned defendant $700.00 secured by his cognovit promissory note of even date payable in twenty equal monthly installments, on which he allegedly defaulted when the balance due on such note was $632.12. On July 30, 1954, plaintiff secured judgment against defendant in the Municipal Court of Youngstown for that amount and interest on the cognovit provision of his note.

As alleged by defendant's answer on November 16, 1954, defendant filed a voluntary petition in bankruptcy in which plaintiff claims he listed nine creditors to whom he represented he owed $1017.19, and, as alleged in defendant's answer, on February 1, 1955, he was duly and regularly discharged as a bankrupt.

On August 22, 1955, plaintiff filed proceedings in aid of execution in the Municipal Court of Youngstown and attached defendant's wages. By answer, which the trial judge interpreted as a motion, defendant alleged his discharge in bankruptcy on February 1, 1955, and prayed for dismissal of plaintiff's order in aid of execution, and that his wages paid into court be returned to him.

Plaintiff filed a motion to strike defendant's motion from the files urging that defendant's motion was a collateral attack upon a good unpaid judgment and contrary to the procedure of the court in which filed and federal and state courts of Ohio.

The trial judge overruled plaintiff's motion, dismissed the order in aid of execution, and refused to permit plaintiff to introduce evidence of fraud or misrepresentation for the purpose of establishing that the original obligation evidenced by the note was excepted from discharge in bankruptcy.

Plaintiff appealed from the action of the trial court to this court on questions of law.

By assignments of error, not all of which were argued and accordingly will not be disposed of, plaintiff maintains:—

"1. That the judgment of the court in overruling plaintiff's motion is contrary to law.

"2. That the judgment of the court, wherein the court ordered the attachment released filed by the plaintiff in pursuance to a judgment obtained, is contrary to law.

"3. That the judgment of the court on the motion filed by the plaintiff without giving the plaintiff an opportunity to be heard is prejudicial to this appellant.

"4. That the court erred prejudicially to the rights of this plaintiff in entertaining the motion of the defendant and releasing the attachment without having acted upon same, and that the judgment stands in full force and effect.

"5. For any other errors committed by the court which occurred during the hearing of the motions as shown by the original papers."

Plaintiff states by brief:—

"It is our contention that the court erred prejudicially to the rights of this appellant in entertaining the motion of the defendant and releasing the attachment without having acted upon the motion of the defendant and the judgment hereinbefore obtained in the Municipal Court of Youngstown, so that we can consolidate all the errors into one proposition; that the order made by the court is contrary to law and is prejudicial to the rights of this plaintiff.

"* * * for the defendant to avail himself of the defense of a bankruptcy discharge, it is incumbent upon the defendant to file the proper pleadings, that is by way of a motion within term to suspend the judgment or a petition after term from date when judgment is obtained, and tender an answer stating the defense of discharge and pray for a stay of execution until the case is finally determined upon the merits.

"* * * that the state court does not take judicial notice of bankruptcy proceedings in the federal court."

While there is no evidence to support its claim plaintiff contends that in a financial statement furnished by defendant to plaintiff finance corporation for the purpose of securing such loan of $700.00 defendant listed two creditors to whom he represented he owed $280.00, and stated in his own writing that he owed "no other bills" when in fact he had other obligations amounting to $1017.19, and that such financial statement was materially false.

In the case of **Ohio Finance Company v. Greathouse, 64 Abs 1,** this court said in the third syllabus:—

"Where a discharge in bankruptcy did not relieve a defendant from liability on his promissory note because the debt for which the note was given was created in reliance upon a materially false statement in writing made by defendant for the purpose of obtaining such credit from plaintiff, plaintiff may bring his action in contract and plead defendant's tort by way of reply to defendant's answer setting up the discharge in bankruptcy."

In the body of the opinion in that case Nichols, J., pertinently observed:—

"It will be kept in mind that defendant was charged with knowledge that this fraudulently incurred indebtedness was not dischargeable in bankruptcy. Certainly plaintiff in the Municipal Court was not required to anticipate that defendant would assert the defense of discharge of a non-dischargeable debt. Defendant having asserted such discharge, plaintiff need only deny the same in its reply, which it did and alleged the reasons for such denial. Defendant cannot decide for plaintiff the nature of the cause of action. Nor can defendant change plaintiff's cause of action by alleging matters defensive thereto. Having attempted to avail himself of a discharge in bankruptcy, which was denied, it was incumbent upon defendant to prove an effective discharge, since he admitted the execution and delivery of the note. Defendant simply failed upon the proof of his alleged defense, although he may have established a prima facie defense by the introduction of his certificate of discharge together with evidence of this debt having been listed in his schedule of debts and that notice thereof was had by plaintiff. Such prima facie defense was effectively rebutted by the facts alleged in plaintiff's reply and established upon the trial wherein no prejudicial error has intervened.

"This court as now constituted has previously held that the same procedure as followed in this case was proper. See opinions in the cases of The Ohio Finance Company, Plaintiff-Appellee, v. Charles E. Wilson, et al, No. 1003, Trumbull County, The Ohio Finance Company, Plaintiff-Appellee, v. Luigi Valle, Defendant-Appellant, No. 2942, Mahoning County.

"The authorities upon which we rely are numerous and include: Gregory v. Williams, 106 Kan. 819, 189 Pac. 932, in which the situation was identical with that in the instant case. Many cases are cited by the Kansas Court in support of its decision. Hisey v. Lewis-Gale Hospital, D. C., 27 F. Supp. 20, 40 Am. Bankruptcy Reports (n. s.) 206. Wieczorek v. Merskin, 1944, 308 Mich. 145, 13 N. W. (2d) 239.

"The cited cases also refer to other authorities."

In the case of The Ohio Finance Company, v. David W. Waller, Mahoning Unreported Appeal Number 2822, this court, speaking through Judge Carter, said:—

"The facts briefly are as follows: Plaintiff, a finance company, made a loan to defendant in 1939 in which plaintiff contends that defendant in securing same made false and fraudulent statements and representations upon which it relied. Subsequent to the securing of this loan by defendant he filed a voluntary petition in bankruptcy in which it appears that this indebtedness to plaintiff was listed. That shortly thereafter defendant was regularly adjudicated and discharged as a bankrupt. After this adjudication and discharge plaintiff filed its action and secured a judgment on the cognovit note hereinbefore referred to. This judgment is still in full force and effect. A motion was filed in the case to vacate the judgment on the ground that defendant had been adjudicated a bankrupt. However, that motion has never been by the municipal court, or any other court, acted upon..

"The motion to dismiss the proceeding in aid of execution is a collateral attack upon an outstanding judgment. For a general discussion under subject 'collateral attack' see **23 O. Jur., page 1120**, wherein the author states on page 1141:—

" 'A direct attack upon a judgment has been defined to be one by which the judgment is directly assailed in some mode authorized by law, while a collateral attack is defined as an attempt to defeat the operation of a judgment, in a proceeding where some new right derived from or through the judgment is involved.'

"This judgment is not void, but voidable only. Had the motion to vacate the judgment been heard and determined and sustained then and in that event the proceeding in aid of execution would have automatically terminated as a judgment is necessarily the basis for a proceeding in aid of execution. See **17 O. Jur., page 1015**, and cases cited thereunder, wherein it is held that a judgment cannot be collaterally attacked by seeking dismissal of a proceeding in aid of execution."

It is claimed by plaintiff, but not supported by the record, that the trial judge "flatly refuses to follows this court in Ohio Finance Company v. Greathouse, supra, Ohio Finance Company v. Waller, and Ohio Finance v. Valle, case number 2942 Mahoning Appeals.

The case of Ohio Finance Company v. Greathouse, supra, is distinguished from the case under consideration by the fact that in that case the petition in bankruptcy was filed and the plaintiff was discharged as a bankrupt before suit was brought upon the note. In the action on the note the defendant set up his discharge in bankruptcy and by reply plaintiff alleged that the debt was incurred fraudulently, as was clearly shown by the evidence, and accordingly not dischargeable in bankruptcy.

In the case under consideration action on the note was commenced and judgment entered therein before defendant filed his petition in bankruptcy. Plaintiff failed to take action in the Bankruptcy Court after it had notice of the proceedings in bankruptcy. There is nothing in the record before us to reduce the note to judgment which in any

manner raises the question of defendant's false representations in obtaining the loan. The discharge in bankruptcy was interposed after the proceedings in aid of execution was instituted.

This court, supported by numerous decisions, is on record to the effect that under evidence similar to that in the case we review plaintiff is relegated to an action in tort for damages resulting from tort. See **Goodrich v. Eck, 25 Abs 548**, where it was said:—

"1. The lower court in a proceeding in aid of execution has no right to go further into the original case than to examine the pleadings, files and records of the evidence therein.

"2. A court has no authority in proceedings in aid of execution to permit the introduction of evidence additional to that upon which the judgment is based in order to show that the injuries complained of by the plaintiff resulted from the wilful and malicious acts of the defendant and were therefore excepted from the defendant's discharge in bankruptcy, instead of resulting from the wanton acts of the defendant as charged in the original petition. * * *

"It is the view of this court that the lower court has no right to go into the original case further than to examine the pleadings, files and records of the evidence in the original case and could not permit new and additional evidence in an attempt to disclose that the injuries inflicted in the original case were inflicted by defendant wilfully and maliciously."

The principles controlling the case of Ohio Finance Company v. Greathouse, supra, are applicable in the case of Ohio Finance Company v. David W. Waller, supra.

In the case of **United Mercantile Agencies, Inc., Assignee, v. Williams, 87 Ohio App 273,** in which the facts are similar to the facts in the case we review, plaintiff obtained a judgment on a promissory note and subsequently defendant went bankrupt listing the judgment. After defendant obtained his discharge plaintiff attempted to issue an order in aid of execution on its judgment. Defendant moved to dismiss plaintiff's order in aid of execution on the grounds that the judgment obligation had been discharged. Plaintiff sought to introduce evidence to show that the note was given for money obtained by defendant from plaintiff by false and fraudulent representation. The court sustained defendant's motion to dismiss and refused to allow the plaintiff to introduce evidence. In affirming the trial court the court of appeals said:—

"In a proceeding in aid of execution to enforce a judgment taken on a promissory note, where the record is silent as to the facts and circumstances under which the indebtedness was created and a defense of discharge in bankruptcy is interposed, evidence outside the record is inadmissible to show that the judgment debtor's obligation is one that is excepted from the operation of a discharge by the provisions of Section 17, Clause 4, of the Bankruptcy Act of 1938."

On the record submitted the judgment of the trial court must be and is affirmed hereby.

NICHOLS and GRIFFITH, JJ, concur in judgment.