[Civ. No. 22290.   Second Dist., Div. One.   Aug. 20, 1957.]

PERCY L. NICHOLS et al., Appellants, v. GERALD V. EISENHOWER, Respondent.

362

Milton Wichner for Appellants.

Miller, Vandegrift & Middleton for Respondent.

DRAPEAU, J. pro tem.*—Defendant, Gerald V. Eisenhower, sold percentage interests in oil leases in Colorado to plaintiffs Nichols and Lassen. He did not have a permit from the Commissioner of Corporations of the State of California, authorizing the sales. And he knew that a permit was required.

After judgment for plaintiffs for the money they paid to Mr. Eisenhower, he went into bankruptcy.

Then he moved in the superior court for an order discharging him from the judgment, as permitted by section 675b of the Code of Civil Procedure.

The motion was granted, and plaintiffs appeal.

The bankruptcy law provides that a bankrupt shall be discharged from his provable debts except such as are liabilities for obtaining money or property "by false pretenses or false representations." (11 U.S. C.A. § 35.)

■ Sales of securities in California without a permit by the Commissioner of Corporations are void (Corp. Code, § 26100 et seq.), and are criminal offenses (Corp. Code, § 26104, subd. (d)), and persons who do so are guilty of moral turpitude. (*In re Hatch*, 10 Cal.2d 147 [73 P.2d 885].)

Defendant argues, however, that the order should stand because the trial court made an affirmative finding that no misrepresentation was made by him to plaintiffs, and that plaintiffs knew that no permit had been issued for the sale of the securities.

On page 2 of plaintiffs' brief is to be found the statement: "There was no finding that plaintiffs knew that a permit was required."

*Assigned by Chairman of Judicial Council.

To the contrary, the findings of fact show that the trial court found that the plaintiffs, and each of them, knew that at the time the sales were made defendant had no permit.

No sophistry of reasoning will support the proposition that there can be fraudulent pretenses or false representations within the meaning of the bankrupcty law when a purchaser of securities knows that the seller had no permit from a state commissioner of corporations.

The order is affirmed.

White, P. J., and Fourt, J., concurred.