[Civ. No. 22323. Second Dist., Div. One. Aug. 20, 1957.]

M. A. HEEHLER et al., Respondents, v. GERALD V. EISENHOWER, Appellant.

■■■■■■■■■■■■■■■■

Miller, Vandegrift & Middleton for Appellant.

Milton Wichner for Respondents.

DRAPEAU, J. pro tem.*—The facts in this case are similar to those stated in *Nichols* v. *Eisenhower, ante,* p. 361 [314 P.2d 525], decided this day. But the disposition of this case is so different from the Nichols case that the facts will have to be repeated to some extent in this opinion.

Defendant, Gerald V. Eisenhower, sold percentage interests

■■■■■■■■■■

*Assigned by Chairman of Judicial Council.

in oil leases in Colorado to plaintiffs in this case. He did not have a permit from the Commissioner of Corporations authorizing the sales. And he knew that a permit was required.

Plaintiffs in this case filed their complaint in four counts: 1. For money had and received. 2. For restitution of money paid in violation of the Corporate Securities Act. 3. For damages for fraud and deceit. And, 4, to establish a constructive trust.

Plaintiffs and defendant Eisenhower stipulated:

"1. That judgment may be entered in favor of plaintiffs and against defendant Gerald V. Eisenhower individually and doing business as Eisenhower Drilling Company for the sum of $4,675.00 together with interest thereon at the rate of 7% per annum from June 10, 1953, together with plaintiffs' costs of suit herein incurred and expended, in the sum of $19.00."

The judgment says, "that judgment be entered upon the complaint on file herein."

After the judgment, Mr. Eisenhower went into bankruptcy. Then he moved the court for an order discharging him from judgment, as provided in section 675b of the Code of Civil Procedure.

The superior court denied the motion, because, as stated in the minutes: "Complaint having alleged fraud, the judgment by consent admits the allegations well pleaded. The discharge in bankruptcy therefore is not a bar."

The case of *Wilson* v. *Walters*, 19 Cal.2d 111 [119 P.2d 340], is similar to this case. In that case judgment was stipulated to be taken "in accordance with the allegations of the complaint," and our Supreme Court held (at page 122) that the judgment was excepted from the defendant's discharge in bankruptcy.

Testing the facts in this case by the rule in the Wilson case, this court has concluded that no relief can be given to defendant.

The order is affirmed.

White, P. J., and Fourt, J., concurred.