[Civ. No. 25982. Second Dist., Div. Two. Aug. 20, 1962.]

CALIFORNIA BANK, Plaintiff and Respondent, v. WESLEY B. CLAY, Defendant and Appellant.

McCabe & Saevig and John P. Brown for Defendant and Appellant.

Swanwick, Donnelly & Proudfit and Donald F. Rocke for Plaintiff and Respondent.

ASHBURN, J.—Action on promissory note made by defendant in favor of plaintiff on November 1, 1957, in the sum

of $11,000, payable 31 days after date, upon which a balance of $8,000 with interest from December 29, 1957, was due at the time of suit filed on January 26, 1960. The complaint alleged that the loan was induced by a fraudulent financial statement of August 30, 1957, showing assets of $160,500 and a net worth of $123,000. Defendant relied upon a discharge in bankruptcy granted him on August 14, 1958.

The trial centered upon the question whether the debt was thus discharged. A joint pretrial statement of counsel contains this: "C. *ULTIMATE ISSUE REMAINING IN DISPUTE*. The issue remaining in dispute is whether the obligation which is the subject of this action was one which, by law, is excepted from the operation of a discharge in bankruptcy." The trial court held with plaintiff and rendered judgment in its favor, expressly finding, substantially in the language of the complaint, that: "10. Said financial statement was executed on August 30, 1957, by defendant, Wesley B. Clay, and directed and delivered to plaintiff, California Bank, on the same date. 11. Defendant represented in said financial statement to plaintiff that he had assets totaling $160,500 and a net worth of $123,000. 12. Said representations were false and untrue and known to defendant to be false and untrue. 13. In truth and in fact, the defendant's assets and net worth were very much less than these amounts and this fact was well known to the defendant. 14. Plaintiff believed said representations, relied thereon, and was induced thereby to loan to defendant certain monies as evidenced by the aforementioned promissory note."[1] Conclusion 1 reads: "That the obligation which is the subject of this action was one which, by law, is excepted from the operation of a discharge in bankruptcy in that said obligation is for monies obtained by false pretenses and/or false representations." Defendant appeals from an adverse judgment for $8,000 principal plus interest, attorney fees and costs.

His major contention is that this is an action on contract and even if same was procured by fraud plaintiff has made an election to waive the fraud and sue on contract, hence the debt is dischargeable in bankruptcy. This argument

---

[1]Appellant's emphasis upon oral statements of the trial judge made at the close of the case is misplaced, for it is clear under the law of this state that such remarks yield to the formal findings which with the judgment constitute the court's sole decision. *Boas* v. *Bank of America*, 51 Cal.App.2d 592, 599 [125 P.2d 620]; *Oldis* v. *La Societe Francaise de Bienfaisance Mutuelle*, 130 Cal.App.2d 461, 472 [279 P.2d 184]; *Wincar Welders* v. *Leebrick*, 186 Cal.App.2d 195, 199 [8 Cal.Rptr. 846].

is predicated upon the fact that count I of the complaint is in the familiar form of an action upon a promissory note, while count II realleges those allegations and adds averments to the effect that the loan evidenced by the notes was induced by a fraudulent financial statement given by defendant; also upon the fact that the joint pretrial statement filed by counsel as originally drafted contains the words, "[t]his is an action on a promissory note and for damages for fraud," and the words "and for damages for fraud" were stricken before execution. However, the balance of the statement shows that no waiver of the fraud was intended, for after stating the "ultimate issue remaining in dispute" (above quoted), it is further said: "Plaintiff, California Bank, contends that the obligation in question was not discharged in bankruptcy for the reason that the money obtained from California Bank as evidenced by said promissory note was money obtained by false pretences or false representations. It is California Bank's further contention that the information set forth in the financial statement attached to plaintiff's complaint as 'Exhibit B' is false, that defendant knew it to be false, and that plaintiff relied thereon and was induced to make the loan evidenced by said promissory note."

Counsel for appellant cite an annotation in 170 American Law Reports 368, in support of their proposition, but opposing attorneys quote therefrom as follows: " 'Frequently, however, a debt which was nondischargeable in its original form has been supplemented by a form of obligation, such as a note or a judgment, which is not in any of the classes of debts excepted from the operation of the discharge, and is, presumptively at least, dischargeable unless the court may go behind the note or the judgment and ascertain the character of the original obligation as one not dischargeable. In such cases the courts have pretty uniformly held that the transformation of the evidences of the original nondischargeable obligation does not render it dischargeable, as the court may look through the new form and discover that the indebtedness in its inception was of a character nondischargeable.'

"The annotation then goes on to state, that where '. . . there intervenes between the original nondischargeable debt and the operative force of the discharge, not just a note or just a judgment, but both a note and a judgment obtained thereon, a somewhat distinctive legal situation arises, with which this annotation purports to deal.' "

Respondent cites *Woehrle* v. *Canclini,* 158 Cal. 107 [109

P. 888], which deals with a judgment for damages for willful and malicious injuries and holds it nondischargeable because "A judgment is but the original debt or liability in a new form." To the same effect are *Wilson* v. *Walters,* 19 Cal.2d 111, 121 [119 P.2d 340]; *Fitzgerald* v. *Herzer,* 78 Cal.App.2d 127, 130 [177 P.2d 364]; *Heehler* v. *Eisenhower,* 153 Cal.App. 2d 363, 364 [314 P.2d 526]; *Beneficial Finance Co. of La.* v. *Hill* (La.App.) 128 So.2d 209, 213.

*Public Loan Corp.* v. *Hood* (Court of Common Pleas) 71 Ohio L. Abs. 423 [125 N.E.2d 770], dealt with a note representing a loan made in reliance upon a false financial statement. The court said in part, at page 773 [125 N.E.2d]: "Our next question is whether plaintiff has misconceived its remedy and by filing its action on contract instead of tort is precluded from pleading defendant's tort by way of reply to his answer setting up his discharge in bankruptcy. We answer this in the negative."

*Wilson* v. *Walters,* 19 Cal.2d 111, 122 [119 P.2d 340]: "It cannot be said that plaintiff waived the tort, the claim based upon fraudulent representations, and relied upon contract in her action and is thereby foreclosed from asserting that her claim is based on fraud and not discharged in bankruptcy. The designation of her complaint at the beginning thereof as being for damages and breach of contract is of no significance. She stated counts both in contract and fraud, the stipulation for judgment and the judgment recited that the latter was 'in accordance with the allegations of the complaint.' Therefore, it cannot be said that the judgment is not predicated on fraud, or that the liability on that basis was abandoned. [Citations.]"

In their reply brief counsel for appellant quote *Bohn* v. *Watson,* 130 Cal.App.2d 24, 36 [278 P.2d 454], as follows: "'Any person suing upon a cause of action is bound to anticipate that bankruptcy may intervene, and should draw the pleading, upon which his cause of action is based, so that it will appear not dischargeable.'" This language is wrenched from its context. The court was considering a default judgment based upon a complaint described in the opinion as follows: "The complaint alleges two causes of action, the first founded on fraud, as the allegations we have hitherto set out clearly establish, and the second based on a promissory note given as a concomitant of the fraudulent transaction. That the judgment is predicated on fraud patently appears since it decrees that plaintiff recover jointly from Bohn and Natalie

Chamberlain the sum of $42,974.09 on plaintiff's *first cause of action,* which alleged the transaction based on the fraud of *both* of these defendants.'' (P. 35.) The entire paragraph reads as follows: ''Bohn argues that the allegations of fraud and conspiracy were not material or essential to the judgment as rendered and added nothing to it; hence, it is claimed, these allegations were neither admitted by her default nor adjudicated in that judgment. This is a mistaken conception. The root and origin of a liability becomes of extreme importance, to give but one example, in determining the effect of any subsequent discharge in bankruptcy of the judgment debtor. With respect to those liabilities not included in a discharge in bankruptcy, section 35 of the Federal Bankruptcy Act, title 11, U.S.C.A., as amended, June 22, 1938, provides: 'a. A discharge in bankruptcy shall release a bankrupt from all of his provable debts, . . . except such as . . . (2) are liabilities for obtaining money or property by false pretenses or false representations.' The significance of the assertion of liability based on fraud is demonstrated in *Wilson* v. *Walters, supra,* where the court stated (pp. 120-121) : 'When property or money has been obtained by fraudulent representations and the remedy for the liability thereby created may be predicated on either contract or tort (fraudulent representations), such liability is not cancelled by a discharge in bankruptcy even though the creditor makes his claim on contract rather than on fraud in the bankruptcy proceedings and the claim is allowed. He is still entitled to recover the difference between the amount received on the allowance and the damages actually suffered. There is no waiver of tort liability.' (See also *Zimmern* v. *Blount* [151 C.C.A. 590] 238 F. 740, 745.) It was with this eventuality in mind that the following sage counsel has been given: 'Any person suing upon a cause of action is bound to anticipate that bankruptcy may intervene, and should draw the pleadings, upon which his cause of action is based, so that it will appear not dischargeable, if he wishes any judgment entered in that particular case to be free from the stay of the bankruptcy court while the discharge matter is pending.' (*In re Lusch,* 251 F. 316, 317. See *Fitzgerald* v. *Herzer,* 78 Cal.App.2d 127, 130 [177 P.2d 364].) That the allegations of fraud in the first cause of action were far from superfluous is thus too palpable to admit of dispute. Plaintiff had two independent, but consistent causes of action, a suit on the note and a cause of action growing out of fraud, and under approved procedure was entitled to pursue both

until satisfaction was had. [Citations.]'' (Pp. 35-36.) Plainly, *Bohn* v. *Watson* does not support appellant's position.

*Ohio Finance Co.* v. *Greathouse,* 64 Ohio L. Abs. 1 [110 N.E. 2d 805]. Action on note, defendant alleged a discharge in bankruptcy and plaintiff replied that the debt for which the note was given was created through defendant's false representations. One of the questions posed in the Court of Appeal was: ''Did plaintiff misconceive its remedy and by filing its action on contract instead of tort, thereby preclude itself from pleading defendant's tort by way of reply to defendant's answer setting up the discharge in bankruptcy?'' (P. 806.) The answer was in the negative, the court saying at page 807: ''It will be kept in mind that defendant was charged with knowledge that this fraudulently incurred indebtedness was not dischargeable in bankruptcy. Certainly plaintiff in the Municipal Court was not required to anticipate that defendant would assert the defense of discharge of a non-dischargeable debt. Defendant having asserted such discharge, plaintiff need only deny the same in its Reply, which it did and alleged the reasons for such denial. Defendant cannot decide for plaintiff the nature of the cause of action. Nor can defendant change plaintiff's cause of action by alleging matters defensive thereto. Having attempted to avail himself of a discharge in bankruptcy, which was denied, it was incumbent upon defendant to prove an effective discharge, since he admitted the execution and delivery of the note. Defendant simply failed upon the proof of his alleged defense, although he may have established a prima facie defense by the introduction of his Certificate of Discharge together with evidence of his debt having been listed in his Schedule of Debts and that notice thereof was had by plaintiff. Such prima facie defense was effectively rebutted by the facts alleged in plaintiff's Reply and established upon the trial wherein no prejudicial error has intervened.''

*Personal Finance Corp.* v. *Robinson,* 27 N.Y.S.2d 6. Action on promissory note; defense, discharge in bankruptcy. Upon motion of defendant for summary judgment plaintiff contended the loan was induced by defendant's false financial statement and that summary judgment should not be granted. The court said, at pages 8-9: ''In cases where the claim has not been reduced to judgment the allegations contained in the pleadings are not conclusive. As was said in *Brown* v. *Garey,* 267 N.Y. 167, at page 169 [196 N.E. 12, at page 13, 98 A.L.R. 1449]: ''The court must examine the circumstances

of each particular case and say whether it finds among them the elements which the law has come to accept as badges of willfulness and legal malice.' The question was specifically passed upon in *Argall* v. *Jacobs,* 87 N.Y. 110 [41 Am.Rep. 357]. There, as in the case at bar, an action was brought upon a promissory note and no fraud was alleged in the complaint. The answer, as here, set up as an affirmative defense, a discharge in bankruptcy. Upon the trial the plaintiff was permitted to give evidence tending to show that his debt was 'created by the fraud of the bankrupt,' which was the wording of the statute at that time. The appellate court held this to be proper and affirmed the judgment for the plaintiff, saying at page 113 of 87 N.Y.: 'But it is further contended on the part of the defendants that the plaintiff cannot have the benefit of the limitation contained in the act of 1867, because he did not base his cause of action upon the alleged fraud, but upon the promissory notes, making no allusion to the fraud in his complaint. It is not provided that no cause of action for fraud shall be discharged, but that "no debt created by fraud" shall be discharged. These promissory notes were debts of the defendants, and the plaintiff was induced by the fraud of the defendants to sell goods to them and take their notes therefor, and hence these debts were created by their fraud within the meaning of the Bankrupt Act. It was not needful that the plaintiff should allege the fraud in his complaint. It was no part of his cause of action. It was needful only for him to prove it, not as part of his cause of action, but as an answer to the affirmative defense set up.' ''

Appellant's argument that there was no proof of the constituent elements of fraud cannot prevail; there was substantial evidence, direct and indirect, to uphold the court's findings in this regard. ▮ In *Bohn* v. *Watson, supra,* 130 Cal.App.2d 24, 33, it is said: ''It is well established that since direct proof of fraudulent intent is often an impossibility because of the clandestine nature of a wrongful undertaking, proof indicative of fraud may come by inference from circumstances surrounding the transaction and the relationship and interest of the parties thereto. [Citations.] ▮ It is equally true that a reasonable inference drawn from circumstantial evidence may be believed as against direct evidence to the contrary. [Citations.]'' ▮ The court was not bound by defendant's testimony upon matters as to which there was no contrary testimony; it was free to accept or reject the same as

in its sound judgment seemed proper. (*People* v. *Matlock,* 51 Cal.2d 682, 695 [336 P.2d 505, 71 A.L.R.2d 605]; *Nevarov* v. *Caldwell,* 161 Cal.App.2d 762, 777 [327 P.2d 111].)

 The claim that interest should have been computed, if at all, upon a tort basis under Civil Code sections 3287 and 3288 is untenable. (*Ohio Finance Co.* v. *Greathouse, supra,* 110 N.E.2d 805, 807; *Personal Finance Corp.* v. *Robinson, supra,* 27 N.Y.S.2d 6, 8.) The action is upon the note which prescribes interest and attorney fees in case of default. So the objection to allowance of such fees must also fail.

Judgment affirmed.

Fox, P. J., and Herndon, J., concurred.